UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TAMBURRI, | No. C-11-2899 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF** |
| SUNTRUST MORTGAGE, INC., *et al.*, | |
| Defendants. _____/ | |

Plaintiff Deborah Tamburri initiated this lawsuit in state court, asserting claims for, *inter alia*, violation of California Civil Code § 2923.5, violation of the Real Estate Settlement Procedures Act ("RESPA"), unfair business practices, and wrongful foreclosure. Defendant Suntrust Mortgage, Inc. removed the case to federal court, and the next day Ms. Tamburri moved for a temporary restraining order to enjoin the foreclosure sale of her home. This Court granted the motion and set a hearing on whether a preliminary injunction should issue. The hearing was held on June 28, 2010. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** the request for preliminary injunctive relief.

## I. DISCUSSION

The Supreme Court has held that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008).

In *Winter*, the Supreme Court rejected Ninth Circuit case law holding that a plaintiff need only demonstrate a possibility of irreparable injury as opposed to a likelihood irreparable injury. *See id.* at 375 ("agree[ing] . . . that the Ninth Circuit's 'possibility' standard is too lenient"; adding that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction") (emphasis added). However, "[t]he majority opinion in *Winter* did not, . . . explicitly discuss the continuing validity of the 'sliding scale' approach to preliminary injunctions employed by [the Ninth] [C]ircuit and others. Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Most notably, under the sliding scale approach, "a preliminary injunction could issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." *Id.* at 1131-32.

In *Alliance* (a decision issued in January of this year), the Ninth Circuit held that the

> "serious questions" approach survives *Winter* when applied as part of the four-element *Winter* test. In other words, "serious questions going to the merits" and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met.

*Id.* at 1132.

In the instant case, the Court concludes that the sliding scale approach, as applied as part of the four-element *Winter* test, supports the issuance of the preliminary injunction sought by Ms. Tamburri.

A.   <u>Likelihood of Irreparable Injury</u>

The Court begins by examining the likelihood of irreparable injury. In the instant case, it is more than likely that Ms. Tamburri will suffer irreparable injury if no preliminary injunction were issued. If the sale were to proceed, then Ms. Tamburri would lose her home of 30 years where her children were raised. *See* Tamburri Reply Decl. ¶ 19. As Defendants concede, "[t]he loss of one's home through foreclosure generally is considered sufficient to establish irreparable harm." Opp'n at 23; *see also Washington v. National City Mortg. Co.*, No. C 10-5042 SBA, 2010 U.S. Dist. LEXIS 136439, at \*15 (N.D. Cal. Dec. 16, 2010) (expressly stating such).

2

Moreover, in her reply declaration, Ms. Tamburri states that simply the prospect of losing her home has incapacitated her, damaged her ability to support her family, and even led her to consider committing suicide. *See* Tamburri Reply Decl. ¶ 4. Clearly, monetary damages would not make Ms. Tamburri whole. *See California Pharm. Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009) (noting that "economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award").

B. <u>Balance of Hardships</u>

In its papers, Suntrust does not identify any real hardship if a preliminary injunction were to issue. Indeed, it is hard to conceive of a serious hardship to Suntrust specifically or even Defendants generally because any security they have in the real property would still remain. *See Washington*, 2010 U.S. Dist. LEXIS 136439, at *16 (pointing out such). The fact that Defendants have lost money, even for a period of three years, is not enough to outweigh the irreparable injury that Ms. Tamburri would suffer if the foreclosure sale were not enjoined. *See California Pharm.*, 563 F.3d at 851 (stating that "[t]ypically, monetary harm does not constitute irreparable harm"). Moreover, the loss of funds (more specifically, the use of the property or proceeds from a foreclosure sale) will be mitigated by the bond required herein below. Thus, the balance of hardships does tip sharply in Ms. Tamburri's favor. *See Naderski v. Wells Fargo Bank, N.A.*, No. CV 11-1783 CAS (CWx), 2011 U.S. Dist. LEXIS 48867, at *6 (C.D. Cal. Apr. 25, 2011) (concluding that "the balance of hardships tips sharply in plaintiff's favor: if the trustee's sale is not enjoined plaintiff is likely to forever lose his home, whereas defendants will only experience a temporary delay in earning income from their investment").

Suntrust argues still that it would be inequitable for a preliminary injunction to issue because Ms. Tamburri would then be rewarded for improper conduct – *i.e.*, "her ostensibly conscious decision to not once, but twice delay until the eve of the foreclosure sale to use the judicial system to stop foreclosure." Opp'n at 24. The Court does not find this argument persuasive. Ms. Tamburri has provided a declaration explaining why there was a delay in her seeking preliminary injunctive relief. Suntrust's reliance on *Saba v. Caplan*, No. C-10-2113 SBA (Docket No. 24), is not availing

3

because, in that case, it does not appear that there was any excuse for the plaintiff's dilatory behavior.  Moreover, on at least one occasion, Suntrust delayed foreclosure.

C.      <u>Likelihood of Success on the Merits/Serious Questions Going to the Merits</u>

Because the balance of hardships tips sharply in her favor, Ms. Tamburri need only show that there are serious questions going to the merits in order to obtain the injunctive relief she seeks. While Ms. Tamburri has raised various claims in her complaint, her papers focus on only two claims – *i.e.*, the claims for violation of California Civil Code § 2923.5 and for violation of § 2932.5. Accordingly, the Court shall consider only those claims in determining whether a preliminary injunction should issue.

1.      <u>Section 2923.5</u>

California Civil Code § 2923.5(a)(1) provides that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days *after* initial contact is made as required by paragraph (2) or 30 days *after* satisfying the due diligence requirements as described in subdivision (g)." Cal. Civ. Code § 2923.5(a)(1) (emphasis added). Under paragraph (2), "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *Id.* § 2923.5(a)(2).  Under subdivision (g), "[a] notice of default may be filed . . . when a mortgagee, beneficiary, or authorized agent has *not* contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." *Id.* § 2923.5(g) (emphasis added).

In the instant case, Ms. Tamburri asserts that Defendants violated § 2923.5(a)(1) because they failed to contact her prior to filing the notice of default on June 8, 2010.  Ms. Tamburri has provided evidence to support this claim, namely, her own declaration. *See* Tamburri Decl. ¶ 11 (stating that "Suntrust never contacted me in person or by telephone to explore my options to avoid foreclosure prior to the recordation of [the] Notice of Default [in June 2010]").

4

In response, Suntrust argues that Ms. Tamburri was in fact contacted in accordance with § 2923.5(a) – pointing to the § 2923.5 declaration attached to the notice of default.[1] *See* Tamburri Decl., Ex. 2 (Notice of Default and attached § 2923.5 declaration). But contrary to what Suntrust contends, the fact of such a declaration (even one signed under oath), while perhaps fulfilling one of the statutory requirements under § 2923.5, does not bar the homeowner from disputing the facts asserted in the declaration. Suntrust has not cited any authority holding such, nor is the Court aware of any such authority. Certainly, *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010), did not so hold. Indeed, the appellate court in *Mabry* remanded the matter to the trial court to determine the facts. *See id.* at 235-36. Here, the Court is faced with two competing declarations – one from Ms. Tamburri and one from Suntrust/Defendants – as to whether Suntrust in fact contacted Ms. Tamburri as required by § 2923.5.

While the declarations arguably are in equipoise, the failure of Suntrust to provide anything beyond the declaration (which simply tracks the language of the statute) is problematic. As Judge Alsup noted in a recent case, "the dearth of evidence from defendant, in the face of plaintiff's clear statement to the contrary that defendants did not contact her to notify her in of her rights prior to the recording of the notice of default, speaks volumes." *Paik v. Wells Fargo Bank, N.A.*, No. C 10-04016 WHA, 2011 U.S. Dist. LEXIS 3979, at *10 (N.D. Cal. Jan. 13, 2011). Ms. Tamburri has raised at least a serious question whether Suntrust violated § 2923.5.

At the hearing, Suntrust argued that, even if there was a failure to contact Ms. Tamburri at the outset, it ultimately complied with § 2923.5 because a dialogue eventually ensued between Suntrust/Defendants and Ms. Tamburri – *i.e.*, Ms. Tamburri asked for loan modification and was eventually denied. This argument, however, is without merit because, as Ms. Tamburri pointed out during the hearing, § 2923.5 requires that there be contact *prior* to the notice of default. The timing requirement expressly imposed by the statute cannot be ignored. *See Mabry*, 185 Cal. App. 4th at

---

[1] "A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h)." Cal. Civ. Code § 2923.5(b).

5

1  225 (emphasizing that "[t]he right conferred by section 2923.5 is a right to be contacted to 'assess'
2  and 'explore' alternatives to foreclosure *prior* to a notice of default") (emphasis in original).

3  Accordingly, the Court concludes that Ms. Tamburri has established serious questions going
4  to the merits on her § 2923.5 claim.

5      2.    <u>Section 2932.5</u>

6  Section 2932.5 provides as follows:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. *The power of sale may be exercised by the assignee if the assignment is acknowledged and recorded.*

11  Cal. Civ. Code § 2932.5 (emphasis added). In the instant case, Ms. Tamburri's basic argument is
12  that the imminent foreclosure is wrongful because, although Suntrust has identified Wells Fargo as
13  the owner of her loan, Wells Fargo has no right to foreclose on the real property at issue because the
14  last recorded assignment of the deed of trust reflects that US Bank owns the loan, and not Wells
15  Fargo. *See* Mot. at 10. In short, she claims there is confusing and contradictory evidence as to who
16  owns the loan. At this juncture, Suntrust has proffered no evidence to clarify the situation.

17  Here, as above, the Court finds that Ms. Tamburri has raised at least serious questions going
18  to the merits. It is true – as Suntrust points out – that multiple federal courts in California have held
19  that § 2932.5 applies only to mortgages and not to deeds of trust. *See, e.g.*, *Selby v. Bank of Am.,*
20  *Inc.*, No. 09cv2079 BTM(JMA), 2010 U.S. Dist. LEXIS 139966 (S.D. Cal. Oct. 27, 2010); *Parcray*
21  *v. Shea Mortg., Inc.*, No. CV-F-09-1942 OWW/GSA, 2010 U.S. Dist. LEXIS 40377 (E.D. Cal. Apr.
22  23, 2010); *Roque v. Suntrust Mortg., Inc.*, No. C-09-00040 RMW, 2010 WL 54896 (N.D. Cal. Feb.
23  10, 2010). Furthermore, *Stockwell v. Barnum*, 7 Cal. App. 413 (1908), a decision issued by a state
24  appellate court, supports Suntrust's position. Thus, it is arguable that, where a deed of trust (rather
25  than a mortgage) is involved, the trustee, irrespective of whether an assignment of the beneficial
26  interest is properly recorded, may initiate foreclosure.

27  But there is also authority that favors Ms. Tamburri's argument that proper proof of title is
28  required under § 2923.5 regardless of whether there is a mortgage or a deed of trust. In *In re*

*Salazar*, No. 10-17456-MM13, 2011 WL 1398478 (S.D. Cal. Apr. 12, 2011), the federal bankruptcy court disagreed with the above authority and held that formalistic distinctions between mortgages and deeds of trust were "outdated" and that trustors were deserving of the same protection as mortgagors under California law. *Id.* at *5. Furthermore, given its age, *Stockwell* is arguably an "outdated" opinion that improperly credits the formal distinctions between mortgages and deeds of trust, particularly in the context of current lending practices. Finally, as Ms. Tamburri noted at the hearing, the Court of Appeals decision in *Strike v. Trans-West Discount Corp.*, 92 Cal. App. 3d 735 (1979), a case of more recent vintage, supports her position. *See id.* at 743 (stating that "[a] recorded assignment of note and deed of trust vests in the assignee all of the rights and interests of the beneficiary, including authority to exercise any power of sale given the beneficiary," citing in support the predecessor statute to § 2932.5). Given the ambiguity in the law, Ms. Tamburri has raised serious questions on the merits of her § 2923.5 claim.

D.     Public Interest

The final factor for the Court's consideration is the public interest. Numerous courts have indicated that "it is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes." *Sencion v. Saxon Mortg. Servs., LLC*, No. 5:10-cv-3108 JF, 2011 U.S. Dist. LEXIS 41022, at *8-9 (N.D. Cal. Apr. 11, 2011); *see also Naderski*, 2011 U.S. Dist. LEXIS 48867, at *6 (noting that "[t]he public interest . . . weighs in favor of preventing the wrongful foreclosure of individuals' property"); *Dumas v. First Northern Bank*, No. CIV. S-10-1523 LKK/DAD, 2011 U.S. Dist. LEXIS 16775, at *6 (E.D. Cal. Feb. 15, 2011) (stating that "[i]t is in the public interest to require lenders to comply with the California statutes enacted to protect homeowners from unnecessary foreclosures"). Because, as discussed above, there are at least serious questions going to the merits on both the § 2923.5 claim and the § 2932.5 claim, the public interest weighs in favor of a preliminary injunction.

E.     Bond

For the reasons discussed above, the Court issues a preliminary injunction in the case at bar – *i.e.*, an injunction barring Suntrust and the other defendants from proceeding with the foreclosure sale of Ms. Tamburri's home. The only issue remaining is whether a bond should be posted and, if

United States District Court
For the Northern District of California

so, in what amount. *See* Fed. R. Civ. P. 65(c) (providing that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained").

The Court rejects Ms. Tamburri's argument that no bond at all should be posted. Ms. Tamburri's reliance on *Sharma v. Provident Funding Assocs., L.P.*, No. C 09-5968 VRW (Docket No. 13), is not availing because, there, Judge Walker did not explain why he chose not to impose a bond. Indeed, the order granting the preliminary injunction did not mention a bond at all. Moreover, other judges in this District have imposed a bond when a plaintiff seeks to enjoin a foreclosure sale based on a claimed § 2923.5 violation. *See, e.g.*, *Paik*, 2011 U.S. Dist. LEXIS 3979, at *15. As for Ms. Tamburri's reliance on *Mabry*, that too is unavailing because there the court was not being asked to grant preliminary injunctive relief and so did not consider the issue of a bond. (The *Mabry* court considered only the issue of tender.)

Taking into account the circumstances, including but not limited to the fact that, over the past three years, Ms. Tamburri has continued living at the real property at issue without making any payment to Defendants, the Court concludes that a bond is appropriate. The Court finds that a bond in the amount of $2,000 per month (starting August 1, 2011) appropriate. It approximates the fair rental value of the property as well as a fair rate of return on $525,000, the current value of the property proffered by Ms. Tamburri (and not disputed by Suntrust).

///
///
///
///
///
///
///
///
///

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ms. Tamburri's request for a preliminary injunction. Suntrust and the other defendants, as well as their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them, are hereby enjoined from selling the real property commonly known as 2968 Sombrero Circle, San Ramon, California 94583. In order for the preliminary injunction to remain in effect, Ms. Tamburri must pay a bond in the amount of $2,000 per month, starting on August 1, 2011 and the first of each month thereafter.

IT IS SO ORDERED.

Dated: July 6, 2011

_____
EDWARD M. CHEN
United States District Judge