UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TAMBURRI, | No. C-11-2899 EMC |
|     Plaintiff, | |
|     v. | **ORDER REQUESTING SUPPLEMENTAL BRIEFING** |
| SUNTRUST MORTGAGE, INC., *et al.*, | |
|     Defendants. _____/ | |

At oral argument, the Court asked the parties why, even if Cal. Civ. Code § 2932.5 does not apply to deeds of trust, Plaintiff would not still have a viable wrongful foreclosure claim. The Court indicated that separate from § 2932.5, the entities initiating foreclosure (Recontrust and US Bank) may not have had a valid interest in the subject property because, while the Notice of Default was recorded on June 9, 2010, the assignment was not signed until June 10, 2010, and was not recorded until June 21, 2010. The Court asked the parties why Plaintiff would not have a wrongful foreclosure claim based on this timing problem. *See Sacchi v. Mortgage Electronic Registration Systems, Inc.*, No. CV 11-1658 AHM (CWx), 2011 WL 2533029, at *5-6 (C.D. Cal. June 24, 2011) (holding that plaintiff had stated a plausible claim for relief against an entity that had "no beneficial interest in the Deed of Trust when it acted to foreclose on Plaintiffs' home."); *Ohlendorf v. Am. Home Mortg.*, No. Civ. S-09-2081 LKK/EFB, 2010 U.S. Dist. LEXIS 31098, at *23 (E.D. Cal. March 31, 2010) ("[T]he process of recording assignments with backdated effective dates may be improper, and thereby taint the notice of default.").

Defendants' counsel responded that the sale point, rather than the initiation of foreclosure, is what is relevant, implying that it may not matter whether the proper entity initiated foreclosure as long as the proper party actually executes the foreclosure sale itself.  Counsel requested the opportunity to provide the Court with supplemental briefing on this issue.

Accordingly, the Court hereby orders the parties to provide supplemental briefing to the Court as to whether a wrongful foreclosure or other claim for relief could be brought if the wrong party initiates foreclosure.  The parties shall also address whether, in this case, the wrong party initiated foreclosure where a backdated assignment was not signed or recorded until after the Notice of Default was recorded.  The parties shall file briefs of no more than **seven (7)** pages by **November 8, 2011**.

IT IS SO ORDERED.

Dated:  November 1, 2011

_____
EDWARD M. CHEN
United States District Judge

2