**NELSON W. GOODELL, ESQ., SBN 264734**
The Goodell Law Firm
5 Third Street, Suite 1100
San Francisco, CA 94111
(415) 495-3950 (office)
(415) 495-6900 (fax)

Attorney for Plaintiff
DEBORAH TAMBURRI

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH TAMBURRI,<br><br>Plaintiff,<br><br>v.<br><br>SUNTRUST MORTGAGE, INC.; WELLS FARGO BANK, N.A.; U.S. BANK NATIONAL ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., RECONTRUST COMPANY, N.A.; and DOES 1-20;<br><br>Defendants. | Case No: 3:11-CV-02899-EMC<br><br>Hon. Judge Edward M. Chen<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT RECONTRUST COMPANY, N.A. TO FILE RESPONSIVE PLEADING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7(A) TO PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: June 22, 2012<br>Time: 1:30 p.m.<br>Location: 450 Golden Gate Avenue, San Francisco, CA<br>Courtroom: 5 – 17th Floor<br><br>First Amended Complaint Filed: June 10, 2011<br>Trial Date: Not Set |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 22, 2012 at 1:30 p.m. or as soon thereafter as may be heard, in Courtroom 5 on the 17th floor of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Deborah Tamburri ("Plaintiff") will move the Court to compel defendant RECONTRUST COMPANY, N.A. ("Recontrust") to file a

responsive pleading to the plaintiff's second amended complaint, pursuant to the Federal Rule of Civil Procedure 7, and otherwise participate in this action as a defendant that may be held monetary liable.

The Motion will be based upon this Notice and accompanying Memorandum of Points and Authorities, all papers on file with this Court, and any oral argument that may be presented at the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The Court can take judicial notice of its own records. The plaintiff initiated this action in state court, and it was removed to federal court on June 13, 2012. Defendants RECONTRUST COMPANY, N.A., purports to be the non-judicial foreclosure trustee under the plaintiff's Deed of Trust. While discovery has only just begun, the evidence presented thus far in this case, at a minimum, raises questions over Recontrust's involvement in the unlawful initiation of foreclosure proceedings against the plaintiff's home. As this Court discussed in detail in its order denying defendants Suntrust Mortgage, Inc. ("Suntrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), U.S. Bank, National Association ("U.S. Bank"), and Wells Fargo Bank, N.A.'s ("Wells Fargo) motion to dismiss the plaintif's first amended complaint, judicially-noticeable evidence indicates that Recontrust initiated the foreclosure process, vis-à-vis recording a Notice of Default, despite the fact that it did not have the legal authority to do so. This Court ruled that such facts state a claim for wrongful foreclosure, and Judge Jeffrey White recently reaffirmed this Court's ruling in a recent opinion, *Makreas v. First National Bank of Northern California,* 2012 WL 1144275 (N.D. Cal. Apr. 4, 2012).

Subsequent to the Court's order denying Suntrust, U.S. Bank, MERS and Wells Fargo's motion to dismiss for the causes of action for the causes of action for wrongful foreclosure and violations of California Civil Code section 2923.5, the plaintiff filed a second amended complaint on March 29, 2012. In the plaintiff's second amended complaint, the plaintiff alleges that Recontrust maliciously colluded with the other defendants in initiating the non-judiical foreclosure process, despite the fact that they did not have the authority to do so. Recontrust, N.A. has not responded to the complaint. However, as a matter of federal law, a Declaration of Non-Monetary Status, pursuant to California Civil Code section 2924l, may not be filed in federal court. Even if this Court rules that it is a permitted pleading under Federal Rule of Civil Procedure 8, the plaintiff respectfully requests that this Court, pursuant to California Civil Code section 2924l(e), order Recontrust to participate in this action, as the plaintiff has a factual basis for alleging that Recontrust is monetarily liable to the plaintiff.

## II. LEGAL STANDARDS

California Civil Code section 2924l provides that "[i]n the event that a trustee under a deed of trust is named in an action or proceeding in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee, then, at any time, the trustee may file a declaration of nonmonetary status." If no objection to the declaration is filed within fifteen days, "the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding." Cal. Civ.

Code section 2924l. Thus, if no objection is filed within 15 days, then the trustee cannot be found monetarily liable in an action, and is not required to otherwise participate in the action. However, it is important to note that, "in the event that the parties elect not to, or fail to, timely object to the declaration of nonmonetary status, but later through discovery, or otherwise, determine that the trustee should participate in the action because of the performance of its duties as a trustee, the parties may file and serve on all parties and the trustee a motion pursuant to Section 473 of the Code of Civil Procedure that specifies the factual basis for the demand. Upon the court's granting of the motion, the trustee shall thereafter be required to participate in the action or proceeding, and the court shall provide sufficient time prior to trial for the trustee to be able to respond to the complaint, to conduct discovery, and to bring other pretrial motions in accordance with the Code of Civil Procedure." *Id.*

In *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), the Supreme Court enunciated the so-called *Erie* doctrine, which provides that "federal law governs procedure in the federal courts, irrespective of whether the substantive law at issue is state or federal. Where an issue is directly covered by the FRCP, federal law controls. It is immaterial whether a different result would have been reached in a state court action if state procedural action had been applied." *Kennedy v. PLM Lender Services, Inc.*, 2012 WL 1038632 at *6 (N.D. Cal. Mar. 27, 2012) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). Moreover, Federal Rule of Civil Procedure 7(a) provides that "only" seven types of pleadings are permitted in federal court, which are "(1) a complaint; an answer to a complaint; an answer to a counterclaim designed as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer."

## III. ARGUMENT

### A. Pursuant to Federal Rule of Civil Procedure 7 and Well-Settled Jurisprudence, a Declaration of Non-Monetary is Not a Proper Pleading to File in Federal Court

As stated at the end of the previous paragraph, FRCP 7 explicitly provides that there are "only" seven types of pleadings permitted in federal court. Thus, as Judge Alsup noted less than two months ago, "Section 2924l directly collides with FRCP 7(a), which specifies the *only* pleadings allowed in federal court. A declaration of non-monetary status is not listed under FRCP 7(a). Section 2924l governs a pleading: It sets the procedure for filing and serving, the time for objections and result of a party's failure to timely object. These procedural requirements directly conflict with the exclusive list of pleadings allowed and governed by the FRCP. Accordingly, Section 2924l is here inapplicable under the *Erie* doctrine." *Kennedy*, 2012 WL 1038632 at *6. Indeed, it is well-settled that, in terms of a directly, on-point Federal Rule, "if Congress intended to reach the issue before the district court, and it enacted its intention into law in a manner that abides with the Constitution, that is the end of the matter." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988).

An additional reason why Judge Alsup's opinion was eminently sound, as both the Supreme Court and the Ninth Circuit have ruled that the relevant inquiry a court should ask when determining whether the application of a state statute in federal court runs afoul of the *Erie* doctrine is whether the application of said would result in a "direct collision" with the Federal Rules. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 (1980); *Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910, 914 (9th Cir. 1985). Section 2924l is a pleading, and is explicitly not listed in FRCP 7(a). Thus, as Judge Alsup noted, it is in "direct conflict" with FRCP 7(a) and, therefore, runs afoul of the *Erie* doctrine. *Kennedy*, 2012 WL 1038632 at *6.

Notably, other courts have come to the same conclusion. *See Tran v. Washington Mutual*, 2010 WL 520878 (E.D. Cal. Feb. 11, 2010); *Bever v. Cal-Western Reconveyance Corporation*, 2012 WL 662336 (E.D. Cal. Feb. 28, 2012). Indeed, when a party has filed a declaration of non-monetary status in federal court, rather than in state court before the case was removed, the courts which have recognized these declarations "have done so without comment." *Kennedy*, 2012 WL 1038632 at *6 (citing *Pinales v. Quality Loan Serv. Corp.*, 2010 WL 3749427 at *1 (S.D. Cal. Sept. 22, 2010).

Finally, the alternate reason that Recontrust should be required to file a responsive pleading in this case further buttresses the argument that California Civil Code section 2924l runs aground of the *Erie* doctrine. California Civil Code section 2924l(e) provides that, if a party does not object to a declaration of non-monetary status fifteen days after service thereof, the plaintiff may subsequently compel the defendant to participate in the action by filing a motion pursuant to section 473 of the California Code of Civil Procedure, which is the applicable California procedural statute which states how a party can amend its pleadings. Thus, should California Civil Code section 2924l be found to be permissible to be filed in federal court, a party would have to file a subsequent motion pursuant to California procedural rules, rather than the applicable Federal Rule of Procedure 15. Consequently, there can be no genuine question that permitting California Civil Code section 2924l to be filed in federal courts would have the perverse effect of subjecting federal litigants to several aspects of procedural rules of California law, rather than the Federal Rules of Civil Procedure, throughout the remainder of the litigation.

**B. Even if this Court Finds that a Declaration of Non-Monetary Status Does not Violate the Erie Doctrine, the Court Should Require Recontrust to Participate in this Proceeding**

As stated above, California Civil Code section 2924l(e) provides that, if a party does not

object to a declaration of non-monetary status fifteen days after service thereof, the plaintiff may subsequently compel the defendant to participate in the action by filing a motion pursuant to section 473 of the California Code of Civil Procedure, which is the applicable California procedural statute providing a party to amend their pleadings or to obtain relief from a previously-entered order, specifying the factual basis for the demand. In the instant case, while the plaintiff has not, at the time of the filing of the instant motion, propounded discovery on Recontrust, N.A., the evidence presented thus far in this case gives the plaintiff reason to believe that Recontrust, N.A. colluded with the other defendants in unlawfully initiating the instant foreclosure proceedings against the plaintiff.

Specifically, as the plaintiff alleges in her second amended complaint, Recontrust recorded a Notice of Default, thereby initiating non-judicial foreclosure proceedings, on June 9, 2010. *See* SAC ¶ 60. However, at the time of recordation of the Notice of Default, Recontrust had not been substituted in as trustee under the plaintiff's Deed of Trust, as the Assignment of Deed of Trust and Subsitution of Trustee of the Deed of Trust were not notarized until June 10, 2010. Moreover, the Assignment was improperly backdated, as the date on the document provides that it was executed on June 8, 2010, yet it was not notarized until June 10, 2010. As this Court previously ruled, "there is a backdating issue." *See December 15, 2011 Order Denying in Part Defendant's Motion to Dismiss, pg. 20.* Furthermore, the Court rejecting the other defendants' assertions that "Recontrust issued the Notice of Default in its capacity as agent for MERS rather than as Trustee, and later acted as Trustee after it was so substituted . . . Defendants' proferred explanation ignores the fact that US Bank appears to be listed as the beneficiary on the [Notice of Default], despite the fact that US Bank did not yet have any interest in the deed. Indeed, the Notice instructed Plaintiff to contact US Bank to arrange for payment,

despite the fact that US Bank apparently (and as alleged) had no right to such a payment. Thus, assuming Recontrust was acting as an agent, it is unclear on behalf of what entity it was acting and whether said entity had any interest in the property." *Id.* at 20-21. Consequently, it is clear that the plaintiff has a specific factual basis for alleging that Recontrust went beyond its duties as a normal trustee, and actually colluded with the remaining defendants in initiating non-judicial foreclosure proceedings when it did not have the right to do so.

The plaintiff's second amended complaint contains a plethora of allegations that speak to Recontrust's role in the instant foreclosure proceedings. In paragraph 15 on page 27, of the Second Amended Complaint, the plaintiff alleges that, by attempting to sell the plaintiff's property as the trustee under the Deed of Trust after alleging it had obtained said status through an invalid, backdated Assignment of Deed of Trust and Substitution of Trustee, Recontrust harmed the plaintiff. Indeed, just last month, Judge Jeffrey White denied a trustee's motion to dismiss a plaintiff's complaint alleging violations of California Business and Professions Code section 17200, wrongful foreclosure, and quiet title on the basis that the plaintiff had alleged that the trustee had backdated a Substitution of Trustee and then subsequently foreclosed. *Makreas v. First National Bank of Northern California*, 2012 WL 1144275 (N.D. Cal. Apr. 4, 2012). In his opinion, Judge White cited this Court's previous ruling in this matter to rule that "the party who noticed the default did not, at the time of the notice, have the authority to record the notice of default. Such facts state a claim for wrongful foreclosure. *Id.* at 2 (citing *Tamburri v. Suntrust Mortgage, Inc.*, 2011 WL 9294472, *11-14 (N.D. Cal. Dec. 15, 2011); *Ohlendorf v. Amer. Home Mortg. Servicing*, 2010 U.S. Dist. LEXIS 31098, *23-24 (E.D. Cal. March 30, 2010); *Castillo v. Skoba*, 2010 WL 2986953, *2 (S.D. Cal. Oct. 8, 2010); *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal.App.4th 42, 46 n. 5 (2011).

As a result of the foregoing, there is no genuine argument that the plaintiff does not have a factual basis to allege that Recontrust is monetarily liable to the plaintiff. Thus, the Court should require Recontrust to file a responsive pleading to the plaintiff's motion.

**Date: May 18, 2012**

_____*/s/ Nelson W. Goodell*______
NELSON W. GOODELL
The Goodell Law Firm