UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TAMBURRI, | No. C-11-2899 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT RECONTRUST'S MOTION TO STRIKE** |
| SUNTRUST MORTGAGE, INC., *et al.*, | **(Docket No. 118)** |
| Defendants. / | |

## I. INTRODUCTION

Defendant Recontrust has filed a motion to strike the portions of Plaintiff Tamburri's claims for punitive damages against it. Docket No. 118. Recontrust argues that while Plaintiff has stated a claim for fraud against other Defendants in this action (stemming from an alleged wrongful attempt to foreclose), Plaintiff has failed to allege any facts that would support a punitive damages claim against Recontrust. Pursuant to Civil Local Rule 7–1(b), the Court determines that the matters are appropriate for resolution without oral argument, and **VACATES** the hearing. For the reasons set forth below, Recontrust's motion to strike is **DENIED**.

## II. DISCUSSION

A. Legal Standard

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks omitted), *overruled on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). As

indicated by the language of the rule, "'[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . .'" *Id.* When ruling on a motion to strike, a court views the pleading under attack in the light most favorable to the nonmoving party. *See RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). Courts generally disfavor motions to strike because striking is such a drastic remedy. *See Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (stating that "striking a party's pleadings is an extreme measure, and, as a result, we have previously held that 'motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted'").

The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6), not Rule 12(f). *See Parker v. Fidelity Security Life Ins. Co.*, No. CIV F 06-654 AWI DLB, 2006 WL 2190956, at *5 (E.D.Cal. Aug. 1, 2006); *Paul v. Gomez*, 190 F.R.D. 402, 404 (W.D. Va. 2000); *Outen v. Baltimore County*, 177 F.R.D. 346, 348 (D. Md. 1998). Indeed, the Ninth Circuit has confirmed that "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 976 (9th Cir. 2010). A claim for damages satisfies "none of the five categories" in Rule 12(f) for striking material from a complaint, and a court may not "read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading." *Id.* at 974. However, where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion. *See Parker*, 2006 WL 2190956, at *5 (converting a 12(f) motion to strike a punitive damages claim into a 12(b)(6) motion). In this case, because Recontrust has already filed an answer in this matter, its motion should properly be treated as a Rule 12(c) motion.

Under Rule 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "'functionally identical'" to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and

1  therefore the same legal standard applies. *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d
2  1047, 1055 n. 4 (9th Cir. 2011).

3  Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon
4  which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule
5  12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*,
6  51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations
7  of material fact as true and construe them in the light most favorable to the nonmoving party,
8  although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule
9  12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint
10 need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief
11 that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual
12 content that allows the court to draw the reasonable inference that the defendant is liable for the
13 misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v.*
14 *Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability
15 requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

B.  Application

In the instant case, Defendant Recontrust argues that the Court should strike or dismiss
Plaintiff's punitive damages request because Plaintiff fails to allege facts that would support such a
claim as against Recontrust. Defendant's primary argument is that Plaintiff cannot obtain punitive
damages against Recontrust because she does not include this Defendant in her fraud cause of
action. Defendant also argues that Plaintiff fails to allege sufficiently detailed facts under her
wrongful foreclosure claim to support a claim for punitive damages.

Defendant's arguments are unpersuasive. As the Court has previously noted in this case,
California Civil Code § 3294 defines when punitive damages are available for a violation of state
law. The statute states in relevant part:

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

3

> (b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code § 3294. In federal court, while § 3294 governs the substantive standard Plaintiff must meet in order to obtain punitive damages, Plaintiff need not allege facts supporting such a claim with particularity. As the Court already held with respect to the other Defendants in this matter,

> Although Plaintiff has not plead facts to support § 3294(b), courts have held that such pleading is not required in federal court." *See Taheny v. Wells Fargo Bank, N.A.*, CIV. S-10-2123-LKK, 2011 WL 1466944, at *4 (E.D. Cal. Apr. 18, 2011) ("Although Section 3294 provides the governing substantive law for punitive damages, California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure – the provisions governing the adequacy of pleadings in federal court.") (quoting *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000)). . . . Treating the motion to strike as a motion to dismiss does not help Defendants because, as discussed above, Plaintiff provides allegations that would support a finding of fraud or malice. *Cf. Parker v. Fid. Sec. Life Ins. Co.*, CIV. F 06-654 AWI DL, 2006 WL 2190956, at *6 (E.D. Cal. Aug. 1, 2006) (dismissing prayer for punitive damages under 12(b)(6) standard "because the complaint is devoid of factual allegations that show oppression, fraud, and/or malice"). Accordingly, striking or dismissing Plaintiff's punitive damages claim is not warranted.

Docket No. 115 at 25-26. "Thus, 'in federal court, a plaintiff may include a "short and plain" prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent.'" *Taheny*, 2011 WL 1466944 at *4 (quoting *Clark*, 106 F. Supp. 2d at 1019; citing *Somera v. Indymac Fed. Bank, FSB*, 2010 U.S. Dist. LEXIS 19256, 2010 WL 761221 (E.D. Cal. 2010) (Damrell) ("Under federal pleading standards, defendant's argument that plaintiff must plead specific facts to support allegations for punitive damages is without merit.")). Assuming nonetheless that allegations sufficient to establish a plausible basis for punitive damages are required under *Twombly* and *Iqbal*, the allegations here are sufficient.

4

Recontrust's argument that Plaintiff cannot allege punitive damages against it in the absence of a fraud cause of action is without merit. Although the Court noted in its prior order that Plaintiff's valid fraud claim against Defendants Suntrust and Wells Fargo, if true, would support punitive damages, the Court also denied the motion to strike as against the remaining Defendants, even though Plaintiff did not allege a fraud claim against them. Docket No. 115 at 25-26. Instead, as in *Taheny*, "[P]laintiff[] ha[s] pled several non-contract claims for which [she] may be entitled to punitive damages if the elements of § 3294 are met." *Taheny*, 2011 WL 1466944 at *5.

Indeed, Plaintiff alleges in the wrongful foreclosure section of her SAC that Recontrust engaged in "fraudulent and malicious" conduct by "[b]ackdating an assignment of a Deed of Trust in an attempt to exercise the power of sale." SAC at 22 ¶ 6. She further alleges that Recontrust "played an active part in the wrongful conduct that nearly led to the plaintiff losing her home" by "record[ing] an improperly backdated Notice of Default before it had the authority to do so." *Id.* ¶ 7. She again alleges generally that "[t]he wrongful conduct of Defendants, as set forth herein, was willful, oppressive, immoral, unethical, unscrupulous, substantially injurious, malicious and in conscious disregard for the well being of Plaintiff." *Id.* at 23 ¶ 9. Such allegations are sufficient at this stage of the litigation. In addition, although Plaintiff does not currently specify which Recontrust employee(s) were involved and how Recontrust ratified their conduct so as to satisfy the substantive requirements of § 3294(b), as discussed above and in the Court's prior order, she need not allege such detail at this time. *Compare* SAC ¶ 13 (alleging that corporate defendants acted "through [their] authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, [and] that the act or omission was authorized and/or ratified by the business entity"), *with Taheny*, 2011 WL 1466944 at *5 (finding sufficient allegations that ""defendants consented, acquiesced, approved and ratified the behavior and conduct of its employees ... in causing harm to plaintiffs").

///
///
///
///

Accordingly, Defendant Recontrust's motion to strike or dismiss Plaintiff's punitive damages claim is **DENIED**.

This Order disposes of Docket No. 118.

IT IS SO ORDERED.

Dated: August 20, 2012

_____
EDWARD M. CHEN
United States District Judge