1  **NELSON W. GOODELL, ESQ., SBN 264734**
   The Goodell Law Firm
2  5 Third Street, Suite 1100
   San Francisco, CA 94103
3  (415) 495-3950 (office)
   (415) 495-6900 (fax)
4
   Attorney for Plaintiff
5  DEBORAH TAMBURRI

6              **UNITED STATES DISTRICT COURT**

7              **NORTHERN DISTRICT OF CALIFORNIA**

8

9

10 DEBORAH TAMBURRI,                    ) Case No: 3:11-CV-02899-EMC
                                        )
11 Plaintiff,                           ) Hon. Judge Edward M. Chen
                                        )
12         v.                           ) **NOTICE OF TAKING DEPOSITION**
                                        ) **WITH PRODUCTION OF DOCUMENTS**
13 SUNTRUST MORTGAGE, INC.; WELLS       ) **OF SUNTRUST MORTGAGE, INC.**
                                        )
14 FARGO BANK, N.A.; U.S. BANK          )
                                        )
15 NATIONAL ASSOCIATION; MORTGAGE       )
                                        )
16 ELECTRONIC REGISTRATION SYSTEMS,     )
                                        )
17 INC., RECONTRUST COMPANY, N.A.; and  )
                                        )
18 DOES 1-20;                           )
                                        )
19 Defendants.                          )
                                        )
20                                      )
                                        )
21                                      )
                                        )
22                                      )
                                        )
23 _____  )

24

25

26                                -1-

27 **PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST**

28                      **MORTGAGE, INC.**

   **TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT,**

   **NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

## DEFINITIONS

As used herein, the terms specified below are defined as follows:

1.   The terms "YOU," "YOUR" and "SUNTRUST" refer to Defendant SUNTRUST MORTGAGE, INC. in the above-entitled action, and any third party representative, or agent, including SUNTRUST MORTGAGE, INC.'S counsel, acting upon his/her/its behalf and/or any third party upon whose he/she/it is acting upon.

2.   The terms "DOCUMENT" and "DOCUMENTS" shall have the meaning employed in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and also includes, without limitation: any written, recorded, filmed, or graphic matter, whether produced or reproduced on paper, cards, tapes, film, electronic media, facsimile, computer storage device, or any other media: including without limitation, memoranda, notes, electronic mail ("e-mail"), minutes, records, employment files, case files, pleadings, photographs, slides, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, blueprints, drawings, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, appointment calendars, notes, records and recordings of oral conversations and work papers, and also including, without limitation, originals, drafts, and all copies that are different in any way from the original whether by

-2-

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise.

3.    "COMMUNICATION(S)" means any transfer of information, ideas, opinions or thoughts by any means, written, electronically, orally or otherwise, at any time or place under any circumstances and is not limited to transfers between persons and/or entities but includes other transfers, such as e-mails, instant messages, records and memoranda to file, any written letter, memorandum, or other document which was sent by one or more individuals and/or entities to another or others; any DOCUMENT memorializing or reflecting a telephone call between one or more individual and another or others; and any DOCUMENT memorializing a conversation or meeting between one or more individuals and another.

4.    "REFERRING TO" means constituting, containing, consisting of, comprising, embodying, summarizing, mentioning, memorializing, discussing, showing, commencing upon, or describing.

5.    The singular shall, as used herein, shall include the plural, and the masculine shall include the feminine gender and plural.

6.    "SUPPORT" means and refers to supporting, referring to, relating to, regarding, including, memorializing, reflecting, evidencing, embodying, containing, identifying, stating, being relevant to, concerning, refuting, disproving, negating, or contradicting.

–3–

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

7. "U.S. BANCORP" means and refers to defendant U.S. Bancorp.

8. "MERS" means and refers to defendant Mortgage Electronic Registration Systems, Inc.

9. "WELLS FARGO" means and refers to defendant Wells Fargo Bank, N.A.

10. "SUNTRUST" means and refers to defendant SunTrust Mortgage, Inc.

11. "THE ASSIGNMENT" means and refers to the Substitution of Trustee and Assignment of Deed of Trust, which was recorded on June 21, 2010 as instrument number 2010-0123139-00 in the Contra Costa County Recorder's office.

12. "NOTICE OF DEFAULT" means and refers to the Notice of Default recorded on June 9, 2010 in the Contra Costa County Recorder's office as instrument number 2010-00114981-00.

13. "SECOND FORECLOSURE" means the commencement of non-judicial foreclosure proceedings which began on June 9, 2010 by the recordation of the Notice of Default which was recorded as instrument number 2010-00114981-00 in the Contra Costa County Recorder's office.

14. "ACTION" means and refers to the instant lawsuit (*Deborah Tamburri vs. SunTrust Mortgage, Inc. et al*, Northern District of California Court Case No. CV 11-2899-EMC).

15. "IDENTIFY EACH AND EVERY CONVERSATION" means to state the date of the conversation, whether the conversation was by telephone or face-to-face, the

-4-

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

1  full names of all persons who participated in the conversation; everything that was

2  said in the conversation.

3  16.   "DEED OF TRUST" means and refers to the Deed of Trust recorded on

4  December 20, 2006 in the Contra Costa County Recorder's office as instrument

5  number 2006-0404801-00.

6  17.   "SUBJECT LOAN" or "LOAN" means the loan secured by the Deed of Trust

7  dated December 12, 2006, which was recorded in the Contra Costa County

8  Recorder's office on December 20, 2006 as document number 2006-0404801-00.

9  18.   "STARM TRUST" means and refers to the securitization trust that the loan was

10  placed in, a copy of which is attached hereto as Exhibit A.

11  19.   "THE CORRECTIVE ASSIGNMENT" means and refers to the Corrective

12  Corporate Assignment of Deed of Trust dated July 5, 2012 and recorded in the

13  Contra Costa County Recorder's office on July 25, 2012 as document number

14  2012-0176804-00.

15  20.   "SECOND NOTICE OF RESCISSION" means and refers to the Notice of

16  Rescission of Declaration of Default and Demand for Sale and Notice of Default

17  and Election to Sell dated September 19, 2012 and recorded in the Contra Costa

18  County Recorder's office on September 21, 2012 as document number 2012-

19  0232136-00.

20  21.   "FIRST FORECLOSURE" means the commencement of non-judicial foreclosure

21  proceedings which began on April 21, 2009 by the recordation of the Notice of

-5-

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

1      Default which was recorded as instrument number 2009-0086187-00 in the

2      Contra Costa County Recorder's office.

3      22.    "FIRST NOTICE OF RESCISSION" means and refers to the Notice of

4      Rescission of the Notice of Default recorded on January 13, 2010 as document

5

6      number 2010-006983-00 in the Contra Costa County Recorder's office.

7

8   **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 30, the

9   following deposition will be taken before a licensed court reporter, at the time and place

10  specified below. The deposition shall continue after the specified date at a date, time and place to

11  be agreed upon by the witness, parties, and counsel until it is completed. The deposition shall be

12  taken by an officer authorized to administer oaths by the laws of the United States, in accordance

13  with Rule 28(a) of the Federal Rules of Civil Procedure. The deposition shall be recorded

14  stenographically and will be conducted in accordance with Rule 30(b) of the Federal Rules of

15  Civil Procedure.

16      PLACE: 11951 Freedom Drive, 13th Floor, Reston, VA 20190

17      DATE: February 4, 2013

18      TIME: 9:30 a.m.

19      DEPONENT: Person(s) Most Knowledgeable Regarding the Following Topics

20  1.   The ASSIGNMENT.

21  2.  YOUR role in the STARM TRUST.

22  3.  YOUR role in the SECOND FORECLOSURE.

23  4.  YOUR role in the FIRST FORECLOSURE.

24  5.  YOUR policies and procedures for initiating non-judicial foreclosures for California

25      mortgage loans that go into default that are part of the STARM TRUST.

26

–6–

27  **PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST**

28  **MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT,**

**NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

6.  YOUR policies and procedures for initiating non-judicial foreclosures for California mortgage loans that go into default.

7.  The policies and procedures that YOU have in place to help California borrowers in default avoid foreclosure.

8.  Any communications that YOU have had with WELLS FARGO regarding the LOAN.

9.  Any communications that YOU have had with WELLS FARGO regarding the SECOND FORECLOSURE.

10. Any communications that YOU have had with WELLS FARGO regarding the FIRST FORECLOSURE.

11. Any communications that YOU have had with WELLS FARGO regarding the SECOND NOTICE OF RESCISSION.

12. Any communications that YOU have had with WELLS FARGO regarding the FIRST NOTICE OF RESCISSION.

13. Any communications that YOU have had with WELLS FARGO regarding this ACTION.

14. Any communications that YOU have had with U.S. BANK regarding the LOAN.

15. Any communications that YOU have had with U.S. BANK regarding the SECOND FORECLOSURE.

16. Any communications that YOU have had with U.S. BANK regarding the FIRST FORECLOSURE.

17. Any communications that YOU have had with U.S. BANK regarding the SECOND NOTICE OF RESCISSION.

18. Any communications that YOU have had with U.S. BANK regarding the FIRST NOTICE OF RESCISSION.

19. Any communications that YOU sent to the Plaintiff regarding the SECOND FORECLOSURE.

–7–

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

20. Any communications that YOU sent to the Plaintiff regarding the FIRST FORECLOSURE.

21. Any communications that YOU have had with any other defendant regarding the SECOND FORECLOSURE.

22. Any communications that YOU have had with any other defendant regarding the FIRST FORECLOSURE.

23. Any COMMUNICATIONS you have had with RECONTRUST regarding the SECOND FORECLOSURE.

24. Any COMMUNICATIONS you have had with RECONTRUST regarding the FIRST FORECLOSURE

25. Any COMMUNICATIONS you have had with any other defendant regarding the SECOND FORECLOSURE.

26. YOUR policies, procedures and practices responding to inquiries from California borrowers asking for information regarding the identity of the entity that owns their loan.

27. The compensation that YOU receive when loans in the STARM TRUST go into default.

28. YOUR authority, if any, to modify the LOAN.

29. YOUR decision, if one was made, to not modify the LOAN.

30. The compensation that YOU received for being the Master Servicer in the STARM TRUST for the LOAN.

31. YOUR current ownership interest in the LOAN.

32. Any and all assignments of the LOAN.

33. YOUR COMMUNICATIONS with any of the defendants regarding the CORRECTIVE ASSIGNMENT.

34. YOUR decision, if one was made by you, to record the CORRECTIVE ASSIGNMENT.

–8–

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

35. YOUR decision, if one was made by you, to record the SECOND NOTICE OF RESCISSION.

36. Any and all COMMUNICATIONS that you have had with any of the defendants regarding the SECOND NOTICE OF RESCISSION.

37. Any and all COMMUNICATIONS that you have had with any of the defendants regarding the FIRST NOTICE OF RESCISSION.

38. Any and all COMMUNICATIONS that you have had with UBS Real Estate Securities, Inc. regarding the LOAN.

39. Any and all COMMUNICATIONS that you have had with UBS Real Estate Securities, Inc. regarding the SECOND FORECLOSURE.

40. Any and all COMMUNICATIONS that you have had with UBS Real Estate Securities, Inc. regarding the FIRST FORECLOSURE.

41. Any and all COMMUNICATIONS that you have had with Trustee Corps regarding the FIRST FORECLOSURE.

42. Any and all COMMUNICATIONS that you have had with Trustee Corps regarding the SECOND FORECLOSURE.

43. YOUR policies, practices and procedures, if any, for ensuring that YOUR employees review competent evidence before signing assignments of notes and deeds of trust for mortgage loans in California.

44. UBS Real Estate Securities, Inc.'s role, if any, in the STARM Trust.

45. UBS Real Estate Securities, Inc.'s role, if any, in the FIRST FORECLOSURE.

46. UBS Real Estate Securities, Inc.'s role, if any, in the SECOND FORECLOSURE.

47. MERS' role, if any, in the FIRST FORECLOSURE.

48. MERS' role, if any, in the SECOND FORECLOSURE.

49. U.S. BANK's role, if any, in the FIRST FORECLOSURE.

–9–

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

50. U.S. BANK's role, if any, in the SECOND FORECLOSURE.

51. Any information that you reviewed before sending the letter dated December 22, 2009, to the plaintiff, which is attached as Exhibit B to this notice.

52. Any information that you reviewed before sending the letter dated March 30, 2011, to plaintiff's counsel, which is attached as Exhibit C to this notice.

53. All DOCUMENTS and COMMUNICATIONS REFERRING TO the LOAN.

## **DOCUMENTS TO BE PRODUCED AT THE DEPOSITION**

Pursuant to Federal Rule of Civil Procedure 34, the deponent is required to produce the following documents at deposition, to the extent that such DOCUMENTS have not been previously produced in this litigation:

1. All DOCUMENTS and COMMUNICATIONS exchanged between YOU and Trustee Corps REFERRING TO the LOAN.

2. All DOCUMENTS and COMMUNICATIONS REFERRING TO THE ASSIGNMENT.

3. All DOCUMENTS and COMMUNICATIONS REFERRING TO THE FIRST FORECLOSURE.

4. All DOCUMENTS and COMMUNICATIONS REFERRING TO THE SECOND FORECLOSURE.

5. All DOCUMENTS and COMMUNICATIONS exchanged between you and any other defendant regarding the LOAN.

–10–

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

6.  All DOCUMENTS and COMMUNICATIONS exchanged between you and any person REFERRING TO the LOAN.

7.  All DOCUMENTS and COMMUNICATIONS exchanged between you and any person REFERRING TO the FIRST FORECLOSURE.

8.  All DOCUMENTS and COMMUNICATIONS exchanged between you and any person REFERRING TO the SECOND FORECLOSURE.

9.  All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. REFERRING TO the LOAN.

10. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. REFERRING TO the FIRST FORECLOSURE.

11. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. REFERRING TO the SECOND FORECLOSURE.

12. All DOCUMENTS and COMMUNICATIONS that YOU have received from WELLS FARGO REFERRING TO a possible modification of the LOAN.

13. All DOCUMENTS and COMMUNICATIONS that YOU have received from any other defendant REFERRING TO a possible modification of the LOAN.

14. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR policies and procedures for initiating non-judicial foreclosures for California mortgage loans that go into default that are part of the STARM TRUST.

-11-

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

15. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR policies, procedures and practices responding to inquiries from California borrowers asking for information regarding the identity of the entity that owned your LOAN.

16. All DOCUMENTS and COMMUNICATIONS REFERRING TO the compensation that you receive when loans in the STARM TRUST go into default.

17. All DOCUMENTS and COMMUNICATIONS REFERRING TO your authority, if any, to modify the LOAN.

18. All DOCUMENTS and COMMUNICATIONS REFERRING TO your decision, if one was made, to not modify the LOAN.

19. All DOCUMENTS and COMMUNICATIONS REFERRING TO the compensation that you receive for being the Master Servicer in the STARM TRUST for the LOAN.

20. All DOCUMENTS and COMMUNICATIONS REFERRING TO your current ownership interest in the LOAN.

21. All DOCUMENTS and COMMUNICATIONS REFERRING TO any and all assignments of the LOAN.

22. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR COMMUNICATIONS with any of the defendants regarding the CORRECTIVE ASSIGNMENT.

23. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR decision, if one was made by you, to record the CORRECTIVE ASSIGNMENT.

24. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR decision, if one was made by you, to record the SECOND NOTICE OF RESCISSION.

-12-

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

25. All DOCUMENTS and COMMUNICATIONS that are relevant to this ACTION.

26. All DOCUMENTS and COMMUNICATIONS that you plan on introducing into evidence at trial in this ACTION.

27. All DOCUMENTS and COMMUNICATIONS that you plan on relying on at trial in this ACTION.

28. All DOCUMENTS and COMMUNICATIONS exchanged between you and any of the defendants regarding the SECOND NOTICE OF RESCISSION.

29. All DOCUMENTS and COMMUNICATIONS exchanged between you and any of the defendants regarding the FIRST NOTICE OF RESCISSION.

30. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. regarding the LOAN.

31. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. regarding the SECOND FORECLOSURE.

32. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. regarding the FIRST FORECLOSURE.

33. All DOCUMENTS and COMMUNICATIONS exchanged between you and Trustee Corps regarding the FIRST FORECLOSURE.

34. All DOCUMENTS and COMMUNICATIONS exchanged between you and Trustee Corps regarding the SECOND FORECLOSURE.

35. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR policies, practices and procedures, if any, for ensuring that YOUR employees review

-13-

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

competent evidence before signing assignments of notes and deeds of trust for mortgage loans in California.

36. All DOCUMENTS and COMMUNICATIONS REFERRING TO UBS Real Estate Securities, Inc.'s role, if any, in the STARM Trust.

37. All DOCUMENTS and COMMUNICATIONS REFERRING TO UBS Real Estate Securities, Inc.'s role, if any, in the FIRST FORECLOSURE.

38. All DOCUMENTS and COMMUNICATIONS REFERRING TO UBS Real Estate Securities, Inc.'s role, if any, in the SECOND FORECLOSURE.

39. All DOCUMENTS and COMMUNICATIONS REFERRING TO MERS' role, if any, in the FIRST FORECLOSURE.

40. All DOCUMENTS and COMMUNICATIONS REFERRING TO MERS' role, if any, in the SECOND FORECLOSURE.

41. All DOCUMENTS and COMMUNICATIONS REFERRING TO WELLS FARGO's role, if any, in the FIRST FORECLOSURE.

42. All DOCUMENTS and COMMUNICATIONS REFERRING TO WELLS FARGO's role, if any, in the SECOND FORECLOSURE.

43. All DOCUMENTS and COMMUNICATIONS REFERRING TO U.S. BANK's role, if any, in the FIRST FORECLOSURE.

44. All DOCUMENTS and COMMUNICATIONS REFERRING TO U.S. BANK's role, if any, in the SECOND FORECLOSURE.

–14–

PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST
MORTGAGE, INC.

TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.

45. All DOCUMENTS and COMMUNICATIONS REFERRING TO any information that you reviewed before sending the letter dated February 23, 2010 to the plaintiff, which is attached as Exhibit B to this notice.

Dated: January 4, 2013

NELSON W. GOODELL
The Goodell Law Firm
Attorney for Plaintiff

–15–

**PLAINTIFF DEBORAH TAMBURRI'S NOTICE OF DEPOSITION OF SUNTRUST MORTGAGE, INC.**

**TAMBURRI vs. SUNTRUST MORTGAGE, INC., ET AL, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA CASE NO. 3:11-CV-02899 EMC.**

# EXHIBIT A

http://www.secinfo.com/d13f21.uRa.htm

http://www.secinfo.com/$/SEC/Registrant.asp?CIK=1389315



**$330,899,576**

**(Approximate)**

**MASTR Asset Securitization Trust 2007-2**

**(Issuing Entity)**

**Mortgage Asset Securitization Transactions, Inc.**

**(Depositor)**

**SunTrust Mortgage, Inc.**

**(Transferor/Sponsor/Originator/Servicer)**

**Wells Fargo Bank, N.A.**

**(Master Servicer and Trust Administrator)**

**Mortgage Pass Through Certificates, Series 2007-2**

The MASTR Asset Securitization Trust 2007-2, the issuing entity, is issuing certificates consisting in the aggregate of fifteen classes, but is offering only twelve classes through this prospectus supplement.  The

certificates are expected to receive monthly distributions of interest and principal, if applicable, on the 25th day of each month, or if that day is not a business day, on the first business day thereafter, commencing in January 2008.

●

The trust's main source of funds for making distributions on the certificates will be collections on closed-end, fixed rate loans secured by first mortgages or deeds of trust on residential one- to four- family properties.

●

Credit enhancement of the certificates will be provided by the subordination of certain classes of certificates in respect of the right to receive interest and principal, shifting of interests and the allocation of losses.

**You should consider carefully the risk factors beginning on page S- 18 of this prospectus supplement and page 9 in the prospectus.**

The certificates will represent an interest in the issuing entity only and will not represent obligations of the depositor, the sponsor, the transferor, the servicer, the originator or any of their affiliates. No governmental agency or instrumentality or any other person will insure the certificates or the collateral securing the certificates.

You should consult with your own advisors to determine if the offered certificates are appropriate investments for you and to determine the applicable legal, tax, regulatory and accounting treatment of the offered certificates.

**Neither the SEC nor any state securities commission has approved the offered certificates or determined that this prospectus supplement or the prospectus is accurate or complete. Any representation to the contrary is a criminal offense.**

---

We will not list the offered certificates on any national securities exchange or on any automated quotation system of any registered securities association such as NASDAQ.

UBS Securities LLC will purchase the offered certificates from Mortgage Asset Securitization Transactions, Inc. and expects to deliver the offered certificates (other than the Class A-R Certificates) in book-entry form through the facilities of The Depository Trust Company to purchasers on or about December 21, 2007.

The proceeds to the depositor from the sale of the offered certificates are expected to be approximately $333,685,971 plus accrued interest and before deducting expenses, estimated at $730,787. See "*Underwriting*" in this prospectus supplement. The underwriter will sell the offered certificates purchased by it from time to time in negotiated transactions at varying prices determined at the time of sale.



## SUMMARY

*This summary highlights selected information from this document and does not contain all of the information that you need to consider in making an investment decision. To understand the terms of the offering of the offered certificates, you should read carefully this entire document and the prospectus.*

**Relevant Parties**

| | |
|---|---|
| *Issuing Entity* | MASTR Asset Securitization Trust 2007-2, a New York common law trust. The trust will be established under a pooling and servicing agreement among Mortgage Asset Securitization Transactions, Inc., as depositor, SunTrust Mortgage, Inc., as transferor and servicer, Wells Fargo Bank, N.A., as master servicer, trust administrator and credit risk manager, SunTrust Bank, as custodian, and U.S. Bank National Association, as trustee. |
| *Depositor* | Mortgage Asset Securitization Transactions, Inc., a Delaware corporation. The depositor's address is 1285 Avenue of the Americas, New York, New York 10019, telephone number (212) 713-2000. See *"The Depositor"* in this prospectus supplement. |
| *Transferor/Sponsor* | SunTrust Mortgage, Inc., a Virginia corporation. The transferor and sponsor's address is 901 Semmes Avenue, Richmond, Virginia 23224, telephone number (804) 291-0949. See *"The Sponsor"* in this prospectus supplement. |
| *Master Servicer* | Wells Fargo Bank, N.A., a national banking association. The master servicer maintains an office located at 9062 Old Annapolis Road, Columbia, Maryland 21045. See *"The Master Servicer, the Trust Administrator, the Custodian and the Servicer—The Master Servicer and Trust Administrator"* in this prospectus supplement. |
| | Pursuant to the pooling and servicing agreement, the master servicer will be required, among other things, to monitor the performance of the servicer. See *"The Pooling and Servicing Agreement"* in this prospectus supplement. |
| *Servicer* | SunTrust Mortgage, Inc. will service the Loans. See *"The Master Servicer, the Trust Administrator, the Custodian and the Servicer—The Servicer"* in this prospectus supplement. |
| | Pursuant to the servicing agreement, the servicer will be required to: |

- 

perform customary servicing functions with respect to the loans;

- 

provide certain reports to the master servicer; and

- 

make certain advances.

| | |
|---|---|
| *Originator* | SunTrust Mortgage, Inc. originated all of the loans.  See *"The Originator"* and *"Underwriting Standards"* in this prospectus supplement. |
| *Trust Administrator* | Wells Fargo Bank, N.A., a national banking association.  See *"The Master Servicer, the Trust Administrator, the Custodian and the Servicer—The Master Servicer and Trust Administrator"* in this prospectus supplement. |
| *Trustee* | U.S. Bank National Association, a national banking association.  The trustee's principal office is EP-MN-WS3D, 60 Livingston Avenue, St. Paul, Minnesota 55107.  See *"The Pooling and Servicing Agreement—The Trustee"* in this prospectus supplement. |
| *Custodian* | SunTrust Bank, a Georgia banking corporation.  See *"The Master Servicer, the Trust Administrator, the Custodian and the Servicer—The Custodian"* in this prospectus supplement. |
| *Credit Risk Manager* | Wells Fargo Bank, N.A. See *"The Pooling and Servicing Agreement—Credit Risk Manager"* in this prospectus supplement. |

**Relevant Dates**

| | |
|---|---|
| *Cut-Off Date* | December 1, 2007. |
| *Closing Date* | On or about December 21, 2007. |

**The Custodian**

SunTrust Bank, a Georgia banking corporation, will serve as custodian of the mortgage loan files pursuant to the Pooling and Servicing Agreement. The principal document custody facilities of SunTrust Bank are located at 1001 Semmes Avenue, 3rd Floor, RVW-4303, Richmond, VA 23224. SunTrust Bank serves as the document custodian for certain mortgage loans that are serviced by SunTrust Mortgage, including residential mortgage loans sold to Fannie Mae and Freddie Mac. SunTrust Bank serves as custodian for several public residential mortgage loan securitizations.

So long as SunTrust Bank shall be the Custodian, in the event such Custodian's long-term senior unsecured debt rating falls below certain specified levels the Custodian shall be terminated under the Pooling and Servicing Agreement with respect to the Mortgage Loans and shall transfer the mortgage loan file for each Mortgage Loan to a successor custodian acceptable to the Rating Agencies and otherwise in accordance with the provisions of the Pooling and Servicing Agreement.

**The Servicer**

Servicing of the Loans will be provided for by SunTrust Mortgage, Inc. ("SunTrust Mortgage"). SunTrust Mortgage will be responsible for the servicing of the related Loans subject to the Servicing Agreement and the Pooling and Servicing Agreement, and the master servicer will be required to supervise, monitor and oversee the performance of SunTrust. In the event of a default by SunTrust Mortgage under the Servicing Agreement, the master servicer will be required to enforce any remedies against SunTrust Mortgage, and will either find a successor servicer or will assume the primary servicing obligations for the Loans.

**Failure to Deliver the Loan Documents and the Failure to Record the Sale May Cause a Sale to the Depositor to be Ineffective**

Under the terms of the pooling and servicing agreement, the loan documents (including the mortgage notes) with respect to each loan will be retained by SunTrust Bank. SunTrust Bank is an affiliate of the originator, sponsor, transferor and servicer of the loans. The assignment of the related mortgages will not be recorded. Failure to deliver the documents to the trustee will make the transfer of the loans potentially ineffective against a purchaser if the servicer fraudulently or inadvertently resells a loan to a purchaser who had no notice of the prior sale to the depositor and transfer to the issuing entity, and who perfects his interest in the loan by taking possession of the loan documents.

The transferor has taken steps to structure the transfers of the loans to the depositor as *"true sales"* of the loans in the event of the insolvency of the transferor. If, however, for any reason, including the bankruptcy or insolvency of the transferor, the transferor is found not to have sold the loans, but is instead deemed to have made a loan secured by a pledge of the related loans, then the depositor, the issuing entity will have a perfected security interest in the loans because the transferor and the depositor have filed financing statements to perfect the depositor's and/or the issuing entity's security interest in the loans conveyed by the transferor and the depositor. The Uniform Commercial Code filings will not eliminate the foregoing risks with respect to the inadvertent or fraudulent assignment of the related mortgages or the endorsement and delivery of the related mortgage note. Similarly, the filings will not eliminate the risk that a security interest perfected after the closing date may be voided in the bankruptcy of the transferor for up to one year after the date on which perfection occurred.

The transferor and the sponsor will agree that if any loss is suffered in respect of a loan as a result of the retention by the servicer of the documents relating to a loan or the failure to record the assignment of a loan, the transferor will purchase the loan from the issuing entity. However, there can be no assurance that the transferor or sponsor will have the financial capability to purchase any such mortgage loan.

**The Recording of the Mortgages in the Name of MERS May Affect the Yield on the Certificates**

The mortgages or assignments of mortgage for some of the loans have been or may be recorded in the name of Mortgage Electronic Registration Systems, Inc. or MERS, solely as nominee for the transferor and its successors and assigns.  Subsequent assignments of those mortgages are registered electronically through the MERS system.  However, if MERS discontinues the MERS system and it becomes necessary to record an assignment of mortgage to the trustee, then any related expenses will be paid by the trust and will reduce the amount available to pay principal of and interest on the certificates.

The recording of mortgages in the name of MERS is a new practice in the mortgage lending industry.  Public recording officers and others may have limited, if any, experience with lenders seeking to foreclose mortgages, assignments of which are registered with MERS.  Accordingly, delays and additional costs in commencing, prosecuting and completing foreclosure proceedings and conducting foreclosure sales of the mortgaged properties could result.  Those delays and the additional costs could in turn delay the distribution of liquidation proceeds to certificateholders and increase the amount of losses on the loans.

**Fees and Expenses of the Trust Fund**

In consideration of their duties on behalf of the trust fund, the master servicer, the servicer, the credit risk manager and the trust administrator will receive from the assets of the trust fund certain fees as set forth in the following table:

| Fee Payable to: | Frequency of Payment: | Amount of Fee: | How and When Fee Is Paid: |
|---|---|---|---|
| **Master Servicer** | monthly | A monthly fee equal to the sum of: (i) the investment earnings on amounts on deposit in the Collection Account and (ii) interest collections received from each Loan calculated on the outstanding principal balance of each Loan at a rate of 0.0075% per annum divided by 12. | Deducted by the master servicer from the Collection Account before remittance to the Distribution Account for payment of any amounts to Certificateholders. |
| **Servicer** | monthly | A monthly fee paid to the servicer out of interest collections received from the related Loans calculated on the outstanding principal balance of each such Loan at a rate equal to 0.250% per annum divided by 12. | Deducted by the servicer from interest collections in respect of each Loan before remittance to the master servicer. |
| **Trust Administrator** | monthly | Investment earnings on amounts on deposit in the Distribution Account | Deducted by the trust administrator before payment of any amounts to Certificateholders. |

The trustee, the credit risk manager and the custodian will be compensated separately by the master servicer out of the master servicer's compensation.

None of the fees set forth in the table above may be changed without amendment of the Pooling and Servicing Agreement as described under "*The Pooling and Servicing Agreement—Amendment*".

Expenses of the master servicer, the servicer, the custodian, the credit risk manager, the trustee and the trust administrator will be reimbursed before payments are made on the Certificates.

## ASSUMED LOAN CHARACTERISTICS

| Principal Balance ($) | Mortgage Interest Rate (%) | Net Mortgage Interest Rate (%) | Original Term to Maturity (Months) | Remaining Term to Maturity (Months) | Seasoning (Months) | Original Interest Only Term (Months) | Remaining Interest Only Term (Months) |
|---|---|---|---|---|---|---|---|
| 241,391.50 | 6.2500000000 | 5.9925000000 | 174 | 171 | 3 | 0 | 0 |
| 993,178.47 | 6.1250000000 | 5.8675000000 | 180 | 178 | 2 | 0 | 0 |
| 1,579,381.24 | 6.2500000000 | 5.9925000000 | 180 | 177 | 3 | 0 | 0 |
| 1,260,944.43 | 6.5000000000 | 6.2425000000 | 180 | 177 | 3 | 0 | 0 |
| 1,487,559.54 | 6.6250000000 | 6.3675000000 | 180 | 177 | 3 | 0 | 0 |
| 2,504,690.60 | 6.7500000000 | 6.4925000000 | 180 | 177 | 3 | 0 | 0 |
| 1,213,211.75 | 6.8750000000 | 6.6175000000 | 180 | 177 | 3 | 0 | 0 |
| 346,712.64 | 6.7500000000 | 6.4925000000 | 219 | 215 | 4 | 0 | 0 |
| 678,460.06 | 6.3750000000 | 6.1175000000 | 339 | 333 | 6 | 0 | 0 |
| 1,431,976.14 | 6.8750000000 | 6.6175000000 | 341 | 337 | 4 | 0 | 0 |
| 846,525.61 | 6.5000000000 | 6.2425000000 | 342 | 338 | 4 | 0 | 0 |
| 283,185.07 | 6.2500000000 | 5.9925000000 | 344 | 338 | 6 | 0 | 0 |
| 394,685.87 | 6.5000000000 | 6.2425000000 | 344 | 337 | 7 | 120 | 113 |
| 698,777.76 | 7.2500000000 | 6.9925000000 | 344 | 342 | 2 | 0 | 0 |
| 1,195,509.76 | 6.8750000000 | 6.6175000000 | 345 | 341 | 4 | 0 | 0 |
| 756,287.39 | 6.7500000000 | 6.4925000000 | 346 | 342 | 4 | 0 | 0 |
| 528,000.00 | 6.8750000000 | 6.6175000000 | 346 | 342 | 4 | 120 | 116 |
| 622,432.42 | 7.0000000000 | 6.7425000000 | 346 | 343 | 3 | 120 | 117 |
| 124,668.40 | 7.1250000000 | 6.8675000000 | 346 | 343 | 3 | 0 | 0 |
| 415,856.06 | 6.8750000000 | 6.6175000000 | 348 | 345 | 3 | 0 | 0 |
| 699,412.98 | 6.2500000000 | 5.9925000000 | 349 | 342 | 7 | 0 | 0 |
| 1,910,608.17 | 6.2500000000 | 5.9925000000 | 350 | 344 | 6 | 0 | 0 |
| 488,383.66 | 6.3750000000 | 6.1175000000 | 350 | 344 | 6 | 120 | 114 |
| 459,096.36 | 6.5000000000 | 6.2425000000 | 353 | 347 | 6 | 0 | 0 |
| 645,000.00 | 6.5000000000 | 6.2425000000 | 354 | 348 | 6 | 120 | 114 |
| 494,701.23 | 6.5000000000 | 6.2425000000 | 355 | 351 | 4 | 120 | 116 |
| 706,159.99 | 5.5000000000 | 5.2425000000 | 360 | 352 | 8 | 0 | 0 |
| 620,993.55 | 5.7500000000 | 5.4925000000 | 360 | 356 | 4 | 0 | 0 |
| 670,000.00 | 5.7500000000 | 5.4925000000 | 360 | 355 | 5 | 120 | 115 |
| 1,102,594.07 | 6.0000000000 | 5.7425000000 | 360 | 353 | 7 | 0 | 0 |
| 623,151.97 | 6.0000000000 | 5.7425000000 | 360 | 349 | 11 | 120 | 109 |
| 1,556,698.86 | 6.1250000000 | 5.8675000000 | 360 | 353 | 7 | 0 | 0 |
| 1,700,000.00 | 6.1250000000 | 5.8675000000 | 360 | 353 | 7 | 120 | 113 |
| 10,553,143.40 | 6.2500000000 | 5.9925000000 | 360 | 354 | 6 | 0 | 0 |
| 4,225,420.00 | 6.2500000000 | 5.9925000000 | 360 | 355 | 5 | 120 | 115 |
| 5,461,634.67 | 6.3750000000 | 6.1175000000 | 360 | 355 | 5 | 0 | 0 |
| 4,254,848.40 | 6.3750000000 | 6.1175000000 | 360 | 356 | 4 | 120 | 116 |
| 13,493,483.34 | 6.5000000000 | 6.2425000000 | 360 | 356 | 4 | 0 | 0 |
| 6,041,057.95 | 6.5000000000 | 6.2425000000 | 360 | 357 | 3 | 120 | 117 |
| 16,062,009.84 | 6.6250000000 | 6.3675000000 | 360 | 357 | 3 | 0 | 0 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8,898,209.83 | 6.6250000000 | 6.3675000000 | 360 | 356 | 4 | 120 | 116 |
| 41,823,050.28 | 6.7500000000 | 6.4925000000 | 360 | 357 | 3 | 0 | 0 |
| 24,578,092.33 | 6.7500000000 | 6.4925000000 | 360 | 357 | 3 | 120 | 117 |
| 41,252,998.32 | 6.8750000000 | 6.6175000000 | 360 | 357 | 3 | 0 | 0 |
| 13,771,360.25 | 6.8750000000 | 6.6175000000 | 360 | 357 | 3 | 120 | 117 |
| 18,214,297.06 | 7.0000000000 | 6.7425000000 | 360 | 357 | 3 | 0 | 0 |
| 12,108,230.49 | 7.0000000000 | 6.7425000000 | 360 | 357 | 3 | 120 | 117 |
| 12,255,718.04 | 7.1250000000 | 6.8675000000 | 360 | 358 | 2 | 0 | 0 |
| 6,404,966.66 | 7.1250000000 | 6.8675000000 | 360 | 357 | 3 | 120 | 117 |
| 13,089,549.16 | 7.2500000000 | 6.9925000000 | 360 | 357 | 3 | 0 | 0 |
| 7,335,746.97 | 7.2500000000 | 6.9925000000 | 360 | 357 | 3 | 120 | 117 |
| 13,907,113.12 | 7.3750000000 | 7.1175000000 | 360 | 357 | 3 | 0 | 0 |
| 6,555,058.08 | 7.3750000000 | 7.1175000000 | 360 | 358 | 2 | 120 | 118 |
| 5,028,768.69 | 7.5000000000 | 7.2425000000 | 360 | 358 | 2 | 0 | 0 |
| 5,234,300.00 | 7.5000000000 | 7.2425000000 | 360 | 358 | 2 | 120 | 118 |
| 2,794,635.86 | 7.6250000000 | 7.3675000000 | 360 | 358 | 2 | 0 | 0 |
| 2,300,000.00 | 7.6250000000 | 7.3675000000 | 360 | 359 | 1 | 120 | 119 |
| 2,182,538.56 | 7.7500000000 | 7.4925000000 | 360 | 357 | 3 | 0 | 0 |
| 1,000,000.00 | 7.7500000000 | 7.4925000000 | 360 | 359 | 1 | 120 | 119 |
| 3,682,001.42 | 7.8750000000 | 7.6175000000 | 360 | 358 | 2 | 0 | 0 |
| 571,500.00 | 7.8750000000 | 7.6175000000 | 360 | 357 | 3 | 120 | 117 |
| 1,077,811.50 | 8.0000000000 | 7.7425000000 | 360 | 357 | 3 | 0 | 0 |
| 636,163.80 | 8.1250000000 | 7.8675000000 | 360 | 358 | 2 | 0 | 0 |

# EXHIBIT B



**SunTrust Mortgage, Inc.**
Post Office Box 26149
Richmond, VA 23260-6149
Toll Free 1.800.634.7928
www.suntrustmortgage.com

December 22, 2009

Deborah Tamburri
2968 Sombrero Circle
San Ramon, CA  94583

Re:  SunTrust Mortgage Loan Number 0145987251

Dear Ms. Tamburri:

We are in receipt of your correspondence dated November 11, 2009.   While your correspondence identifies your request as one that is to be treated as a Qualified Written Request (QWR). SunTrust Mortgage, Inc. did not receive this correspondence through the appropriate mailing address for QWR's, so it does not qualify for such treatment for this reason.   The correct address is provided to you each month on back of your billing statements.

You requested documentation pertaining to the above referenced loan.  As a courtesy, I have enclosed the Note, Security Instrument and payment history from the inception to the present. Other documents you requested were provided to Mr. Araujo at the time of closing.

SunTrust Mortgage, Inc. is the servicer of Mr. Araujo's account.  The investor is Wells Fargo Home Mortgage.  The address is P.O. Box 10335, Des Moines, IA 50306-0335. The telephone number is 1-800-869-3557.

As you are aware, a QWR is only available for information relating to the servicing of a loan and does not require the disclosure of confidential, proprietary or unrelated information.  While SunTrust Mortgage is pleased to work with you and to answer your questions, we are unaware of any requirement that we provide copies of some of the documents you are requesting – such as *all agreements, contracts and understandings with vendors that have been paid for any charge on my account from the inception of my loan to the present date.*"  However, if you would kindly provide the authority for this document request, we will gladly respond as necessary to comply with any and all applicable statutory or regulatory provisions you cite.

All of the loan terms originally agreed to in the transaction documents you signed remain valid and enforceable throughout the life of the loan and are in no way compromised, altered or amended by your sending the above-referenced correspondence. Thus, it is his responsibility to make timely payments until he has paid all of the principal and interest and any other charges that may be owed under these documents.

Deborah Tamburri
December 22, 2009
Page 2 of 2

Your correspondence has been forwarded to the appropriate department to review your other concerns. This matter has been or soon will be researched and addressed as appropriate and if necessary.

If you have any questions or need further assistance, please contact our Client Services Department at 1-800-634-7928, Monday through Friday from 8:00 a.m. to 8:00 p.m., or Saturday, 9:00 a.m. to 3:00 p.m. Eastern Time.

Sincerely,

Wanda Hudson

Wanda Hudson
Executive Services
SunTrust Mortgage, Inc.

Enclosures

Copy to: Penny Anderson, Legal and Regulatory Affairs, SunTrust Mortgage, Inc.

eso\wkh

# EXHIBIT C



**SUNTRUST**
**MORTGAGE**

SunTrust Mortgage, Inc.
Post Office Box 26149
Richmond, VA 23260-6149
Toll Free 1.800.634.7928
www.suntrustmortgage.com

March 30, 2011

The Goodell Law Firm
Attention: Nelson W. Goodell
1750 Montgomery Street, Suite 139
San Francisco, CA 94111

Re:  SunTrust Mortgage Loan Number 0145987251
     Borrower:  Deborah Tamburri

Dear Mr. Goodell:

This letter is in response to your correspondence regarding the above referenced mortgage loan for Deborah Tamburri.  While the correspondence identifies your request as one that is treated as a Qualified Written Request (QWR), SunTrust Mortgage, Inc. did not receive this correspondence through the appropriate mailing address for QWR's, so it does not qualify for such treatment for this reason.

Enclosed is a payment history from inception to present which will address all concerns regarding credits of payments and fees.  As a courtesy, I have enclosed a copy of the Note and Security Instrument.  Please refer to these documents for answers to the questions that were posed.

Please be advised that Deborah Tamburri's signature attests to her acceptance of all the loan terms originally agreed to in the transaction documents she signed.  These terms remain valid and enforceable through the life of the loan and are in no way compromised, altered or amended by you sending the above referenced correspondence.  It is her responsibility to make timely payments until she has paid the entire principal and interest and any other charges that may be owed under these documents.

The owner of this loan is Wells Fargo Home Mortgage. The address for Wells Fargo is PO Box 10335, Des Moines, IA  50306-0335. The telephone number is 800.869.3557. The Master Servicer is SunTrust Mortgage, Inc. The address for SunTrust is  PO Box 26149, RVW-3003, Richmond, VA 23260-6149. The telephone number is 800.634.7928.

If you have additional questions concerning this mortgage loan, please contact our Client Services Department from 8:00 a.m. to 8:00 p.m. Monday through Friday or Saturday 9:00 a.m. to 3:00 p.m. Eastern Time.

Sincerely,

*Cora Semmes Bryce*

Cora-Semmes Bryce
Executive Services
SunTrust Mortgage Inc,