**AKERMAN SENTERFITT LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
BRYAN M. LEIFER (SBN 265837)
Email: bryan.leifer@akerman.com
KATALINA BAUMANN (SBN 278606)
Email: katalina.baumann@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TAMBURRI, | Case No. 3:11-CV-02899-EMC |
| Plaintiff, | Hon. Judge Edward M. Chen |
| v. | **OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** |
| SUNTRUST MORTGAGE, INC.; WELLS FARGO BANK, N.A.; U.S. BANK NATIONAL ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and RECONTRUST COMPANY, N.A., and DOES 1-20 | |
| Defendants. | Complaint filed: April 13, 2011<br>FAC filed: June 10, 2011<br>SAC filed: May 30, 2012<br>TAC filed: January 8, 2013<br>Trial date: August 26, 2013 |

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## PRELIMINARY STATEMENT

Responding Party's pretrial discovery, investigations, and analysis are ongoing, and Responding Party expects to learn of additional facts, persons, information, and documents. Responding Party anticipates that further discovery, independent investigation, legal research, and analysis will uncover additional facts, add meaning to known facts, and establish entirely new factual conclusions, all of which may lead to substantial additions, changes, and variations to the responses set forth herein. Responding Party reserves the right to introduce later discovered or additional evidence at trial, whether or not this reservation is separately stated for each request.

In setting forth its responses, Responding Party does not waive the attorney work-product privilege, attorney-client privilege, or any other privilege or immunity from disclosure, which may attach to information called for in, or response to, any request. Responding Party does not concede the relevance or materiality of the requests, or the subject matter to which the requests refer.

These responses are submitted by Responding Party subject to, and without, in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving objections and privileges:

## GENERAL OBJECTIONS

Responding Party objects to the notice of taking deposition and the request for production of documents of Mortgage Electronic Registration Systems, Inc. (**MERS**) contained within because Plaintiff's counsel failed to consult with MERS' counsel about the Federal Rules of Civil Procedure 30(b)(6) topics. Responding Party objects that the Deposition Notice is burdensome, oppressive, and harassing because it seeks to require MERS to produce a witness capable of authenticating hundreds of documents while sitting for a deposition. With regard to each category of documents requested, Plaintiff demands that MERS not only produce responsive documents, but also an individual who can testify on MERS' behalf regarding "communication" between all other defendants, their respective roles, if any, during a time frame of 2006 to present. Given the overbreadth of Plaintiff's 44 requests and the 54 topics, this request is unduly burdensome.

Responding Party objects to Plaintiff's definition of "YOU," "YOUR" and "MERS" within

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   the notice of deposition wherein these "refer to Defendant MORTGAGE ELECTRONIC

2   REGISTRATION SYSTEMS, INC. in the above-entitled action, and any third party representative,

3   or agent, including MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'s counsel,

4   acting upon his/her/its behalf and/or any third party whose he/she/it is acting upon" on the grounds

5   that it invades attorney-client and/or work product privilege.

6       Responding Party objects to Plaintiff's references to and definition of "U.S. BANCORP"

7   within the notice of deposition wherein it "means and refers to defendant U.S. Bancorp" on the

8   ground that no such defendant is party to this action. Responding Party further objects to the

9   reference of "U.S. BANCORP" or "U.S. BANK" in the notice of deposition on the ground that U.S.

10   Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust is the properly

11   named defendant.

12       Responding Party further objects to the document requests to the extent they are continuing,

13   or to the extent they require Responding Party, without any additional notice from the Plaintiff, to

14   supplement Responding Party's responses at any time in the future. Responding Party has conducted

15   a diligent search and reasonable inquiry in order to locate and obtain information that is responsive

16   to these requests. Responding Party responds to these requests without prejudice to Responding

17   Party's rights to supplement these responses upon discovery of additional information.

18       In responding to the requests at this time, Responding Party does not concede the relevance

19   or materiality of any request or the subject matter to which it refers. Each and every response by

20   Responding Party is subject to, and does not waive: (1) all objections as to relevance, competency,

21   confidentiality, materiality, privilege, or admissibility of evidence or for any other purpose, of any of

22   the answers given, or the subject matter hereof, in any subsequent proceeding, including the trial of

23   this action or any other action; and (2) the right to object to any discovery proceedings involving or

24   relating to the subject matter of the requests, whether or not such objections are separately stated for

25   each request.

26       Responding Party objects to the requests to the extent they may be construed to call for

27   information or documents protected from discovery under the attorney-client, work product, or any

28

OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    other applicable privilege, whether or not these objections are separately stated for each request. In

2    particular, and without limitation, Responding Party will not furnish any information constituting or

3    reflecting mental impressions, conclusions, opinions, legal theories, or other work product of their

4    counsel or their consultants.

5    Responding Party further objects to the requests on the grounds that they are burdensome,

6    oppressive, erroneous, vague, ambiguous and overly broad, or they request confidential proprietary

7    information, whether or not these objections are separately stated for each and every such request.

8    Without limiting the generality of the foregoing, Responding Party objects to the requests to the

9    extent they request information about matters and contentions relating to individuals or entities who

10   are not parties to this action. Responding Party also objects to each and every request, whether such

11   objection is separately set forth, to the extent it requires Responding Party to prepare summaries or

12   compilations of information already made available to Plaintiff.

13   Responding Party also objects to each and every request to the extent it seeks or relates to

14   documents presumptively within the control of Plaintiff, and are therefore more readily accessible to

15   Plaintiff than to Responding Party, as well as to the extent it seeks information already within the

16   possession of the Plaintiff or equally available to the Plaintiff, whether or not this objection is

17   separately stated for each request.

18   Responding Party further objects to the requests, whether or not such objection is separately

19   set forth, to the extent they require Responding Party to disclose information that is the subject of

20   expert opinion on the ground that such opinions at this time are exempted from discovery under the

21   attorney-client privilege and work product doctrine.

22   Responding Party incorporates its General Objections with regard to each topic as though

23   fully set forth therein.

24   / /

25   / /

26   / /

27   / /

28

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## SPECIFIC OBJECTIONS

## TOPICS FOR EXAMINATION

1. The ASSIGNMENT.

**RESPONSE:**

Responding Party objects to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

2. YOUR role in the STARM TRUST.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets. Responding Party objects to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

"plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

3. YOUR role in the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

4. YOUR role in the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

5. YOUR policies and procedures for initiating non-judicial foreclosures for California mortgage loans that go into default that are part of the STARM TRUST.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

6. YOUR policies and procedures for initiating non-judicial foreclosures for California mortgage loans that go into default.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    as calling for information that constitutes confidential trade secrets.

2    7.  The policies and procedures that YOU have in place to help California borrowers in default

3        avoid foreclosure.

4        **RESPONSE:**

5            Responding Party objects to this topic as addressing matters protected by attorney-

6        client privilege and/or work product doctrine. Responding Party further objects to this topic

7        as calling for information that constitutes confidential trade secrets.

8    8.  Any communications that YOU have had with WELLS FARGO regarding the LOAN.

9        **RESPONSE:**

10           Responding Party objects to this topic as addressing matters protected by attorney-

11       client privilege and/or work product doctrine. Responding Party further objects to this topic

12       as calling for information that constitutes confidential trade secrets.

13   9.  Any communications that YOU have had with WELLS FARGO regarding the SECOND

14       FORECLOSURE.

15       **RESPONSE:**

16           Responding Party objects to this topic as addressing matters protected by attorney-

17       client privilege and/or work product doctrine. Responding Party further objects to this topic

18       as calling for information that constitutes confidential trade secrets.

19   10. Any communications that YOU have had with WELLS FARGO regarding the FIRST

20       FORECLOSURE.

21       **RESPONSE:**

22           Responding Party objects to this topic as addressing matters protected by attorney-

23       client privilege and/or work product doctrine. Responding Party further objects to this topic

24       as calling for information that constitutes confidential trade secrets.

25   11. Any communications that YOU have had with WELLS FARGO regarding the SECOND

26       NOTICE OF RESCISSION.

27       **RESPONSE:**

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Responding Party objects to this topic as addressing matters protected by attorney-

2    client privilege and/or work product doctrine. Responding Party further objects to this topic

3    as calling for information that constitutes confidential trade secrets.

4    12. Any communications that YOU have had with WELLS FARGO regarding the FIRST

5        NOTICE OF RESCISSION.

6        **RESPONSE:**

7        Responding Party objects to this topic as addressing matters protected by attorney-

8        client privilege and/or work product doctrine. Responding Party further objects to this topic

9        as calling for information that constitutes confidential trade secrets.

10   13. Any communications that YOU have had with U.S. BANK regarding the LOAN.

11       **RESPONSE:**

12       Responding Party objects to the reference of "U.S. BANK" in this topic on the ground

13       that U.S. Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust

14       is the properly named defendant. Responding Party objects to this topic as addressing matters

15       protected by attorney-client privilege and/or work product doctrine. Responding Party further

16       objects to this topic as calling for information that constitutes confidential trade secrets.

17   14. Any communications that YOU have had with U.S. BANK regarding the SECOND

18       FORECLOSURE.

19       **RESPONSE:**

20       Responding Party objects to the reference of "U.S. BANK" in this topic on the ground

21       that U.S. Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust

22       is the properly named defendant. Responding Party objects to this topic as addressing matters

23       protected by attorney-client privilege and/or work product doctrine. Responding Party further

24       objects to this topic as calling for information that constitutes confidential trade secrets.

25   15. Any communications that YOU have had with U.S. BANK regarding the FIRST

26       FORECLOSURE.

27       **RESPONSE:**

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Responding Party objects to the reference of "U.S. BANK" in this topic on the ground

2    that U.S. Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust

3    is the properly named defendant. Responding Party objects to this topic as addressing matters

4    protected by attorney-client privilege and/or work product doctrine. Responding Party further

5    objects to this topic as calling for information that constitutes confidential trade secrets.

6    16. Any communication that YOU have had with U.S. BANK regarding the SECOND NOTICE

7    OF RESCISSION.

8    **RESPONSE**:

9    Responding Party objects to the reference of "U.S. BANK" in this topic on the ground

10   that U.S. Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust

11   is the properly named defendant. Responding Party objects to this topic as addressing matters

12   protected by attorney-client privilege and/or work product doctrine. Responding Party further

13   objects to this topic as calling for information that constitutes confidential trade secrets.

14   17. Any communications that YOU have had with U.S. BANK regarding the FIRST NOTICE

15   OF RESCISSION.

16   **RESPONSE**:

17   Responding Party objects to the reference of "U.S. BANK" in this topic on the ground

18   that U.S. Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust

19   is the properly named defendant. Responding Party objects to this topic as addressing matters

20   protected by attorney-client privilege and/or work product doctrine. Responding Party further

21   objects to this topic as calling for information that constitutes confidential trade secrets.

22   18. Any communications that YOU have had with WELLS FARGO regarding this ACTION.

23   **RESPONSE**:

24   Responding Party objects to this topic as addressing matters protected by attorney-

25   client privilege and/or work product doctrine. Responding Party further objects to this topic

26   as calling for information that constitutes confidential trade secrets

27   19. Any communications that YOU sent to the Plaintiff regarding the SECOND

28

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    FORECLOSURE.

2    **RESPONSE:**

3         Responding Party incorporates its general objections as if reinstated in full herein.

4    20. Any communications that YOU sent to the Plaintiff regarding the FIRST FORECLOSURE.

5    **RESPONSE:**

6         Responding Party incorporates its general objections as if reinstated in full herein.

7    21. Any communications that YOU have had with any other defendant regarding the SECOND

8    FORECLOSURE.

9    **RESPONSE:**

10        Responding Party objects to this topic as addressing matters protected by attorney-

11   client privilege and/or work product doctrine. Responding Party further objects to this topic

12   as calling for information that constitutes confidential trade secrets.

13   22. Any communications that YOU have had with any other defendant regarding the FIRST

14   FORECLOSURE.

15   **RESPONSE:**

16        Responding Party objects to this topic as addressing matters protected by attorney-

17   client privilege and/or work product doctrine. Responding Party further objects to this topic

18   as calling for information that constitutes confidential trade secrets.

19   23. Any COMMUNICATIONS you have had with RECONTRUST regarding the SECOND

20   FORECLOSURE.

21   **RESPONSE:**

22        Responding Party objects to this topic as addressing matters protected by attorney-

23   client privilege and/or work product doctrine. Responding Party further objects to this topic

24   as calling for information that constitutes confidential trade secrets.

25   24. Any COMMUNICATIONS you have had with RECONTRUST regarding the FIRST

26   FORECLOSURE.

27   **RESPONSE:**

28

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

25. Any COMMUNICATIONS you have had with any other defendant regarding the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

26. YOUR policies, procedures and practices responding to inquiries from California borrowers asking for information regarding the identity of the entity that owns their loan.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

27. The compensation that YOU receive when loans in the STARM TRUST go into default.

**RESPONSE:**

Responding Party objects to this topic as not reasonably calculated to lead to the discovery of admissible evidence and it is further irrelevant. Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

28. YOUR authority, if any, to modify the LOAN.

**RESPONSE:**

Responding Party objects to this topic as not reasonably calculated to lead to the discovery of admissible evidence and it is further irrelevant. Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

29. YOUR decision, if one was made, to not modify the LOAN.

**RESPONSE:**

Responding Party objects to this topic as not reasonably calculated to lead to the discovery of admissible evidence and it is further irrelevant. Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

30. The compensation that YOU received for being the Master Servicer in the STARM TRUST for the LOAN.

**RESPONSE:**

Responding Party objects to this topic as not reasonably calculated to lead to the discovery of admissible evidence and it is further irrelevant. Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets. Responding Party further objects to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    deed of trust would be the original lender, not the plaintiff borrower).

2    31. YOUR current ownership interest in the LOAN.

3    **RESPONSE:**

4            Responding Party objects to this topic as addressing matters protected by attorney-

5    client privilege and/or work product doctrine.

6    32. Any and all assignments of the LOAN.

7    **RESPONSE:**

8            Responding Party objects to this topic to the extent that it seeks to elicit testimony

9    regarding securitization of the Note on the ground that securitization of the Note is irrelevant.

10    "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not

11    an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW

12    (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's*

13    *Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012)

14    (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by

15    which his mortgage was (or was not) securitized because he is not a party to the PSA");

16    *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D.

17    Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011)

18    (the "true victim" of a supposedly improper assignment of a note or deed of trust would be

19    the original lender, not the plaintiff borrower).

20    33. YOUR COMMUNICATIONS with any of the defendants regarding the CORRECTIVE

21    ASSIGNMENT.

22    **RESPONSE:**

23            Responding Party objects to this topic as addressing matters protected by attorney-

24    client privilege and/or work product doctrine. Responding Party further objects to this topic

25    as calling for information that constitutes confidential trade secrets. Responding Party objects

26    to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note

27    on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to

28

OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

34. YOUR decision, if one was made by you, to record the CORRECTIVE ASSIGNMENT.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets. Responding Party objects to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

35. YOUR decision, if one was made by you, to record the SECOND NOTICE OF RESCISSION.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

36. Any and all COMMUNICATIONS that you have had with any of the defendants regarding the SECOND NOTICE OF RESCISSION.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

37. Any and all COMMUNICATIONS that you have had with any of the defendants regarding the FIRST NOTICE OF RESCISSION.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

38. Any and all COMMUNICATIONS that you have had with UBS Real Estate Securities, Inc. regarding the LOAN.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

39. Any and all COMMUNICATIONS that you have had with UBS Real Estate Securities, Inc. regarding the SECOND FORECLOSURE.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

40. Any and all COMMUNICATIONS that you have had with UBS Real Estate Securities, Inc. regarding the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

41. Any and all COMMUNICATIONS that you have had with Trustee Corps regarding the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

42. Any and all COMMUNICATIONS that you have had with Trustee Corps regarding the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

43. YOUR policies, practices and procedures, if any, for ensuring that YOUR employees review competent evidence before signing assignments of notes and deeds of trust for mortgage loans in California.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1      client privilege and/or work product doctrine. Responding Party further objects to this topic

2      as calling for information that constitutes confidential trade secrets.

3      44. UBS Real Estate Securities, Inc.'s role, if any, in the STARM Trust.

4      **RESPONSE:**

5              Responding Party objects to this topic to the extent that it seeks to elicit testimony

6      regarding securitization of the Note on the ground that securitization of the Note is irrelevant.

7      "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not

8      an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW

9      (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's*

10      *Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012)

11      (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by

12      which his mortgage was (or was not) securitized because he is not a party to the PSA");

13      *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D.

14      Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011)

15      (the "true victim" of a supposedly improper assignment of a note or deed of trust would be

16      the original lender, not the plaintiff borrower).

17      45. UBS Real Estate Securities, Inc.'s role, if any, in the FIRST FORECLOSURE.

18      **RESPONSE:**

19              Responding Party objects to this topic to the extent that it seeks to elicit testimony

20      regarding securitization of the Note on the ground that securitization of the Note is irrelevant.

21      "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not

22      an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW

23      (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's*

24      *Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012)

25      (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by

26      which his mortgage was (or was not) securitized because he is not a party to the PSA");

27      *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D.

28

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

46. UBS Real Estate Securities, Inc.'s role, if any, in the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

47. YOUR role, if any, in the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets. Responding Party further objects to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale*

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at \*3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

48. YOUR role, if any, in the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets. Responding Party further objects to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at \*6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at \*3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

49. Suntrust's role, if any, in the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to this topic to the extent that it seeks to elicit testimony

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

50. Suntrust's role, if any, in the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

51. U.S. BANK's role, if any, in the FIRST FORECLOSURE.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

**RESPONSE:**

Responding Party objects to the reference of "U.S. BANK" in this topic on the ground that U.S. Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust is the properly named defendant. Responding Party further objects to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

52. U.S. BANK's role, if any, in the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to the reference of "U.S. BANK" in this topic on the ground that U.S. Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust is the properly named defendant. Responding Party further objects to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500—FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

53. The authority of Tina Sevillano, if any, to sign assignments of Deeds of Trust and Substitutions of Trustees on YOUR behalf.

**RESPONSE:**

Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets. Responding Party objects to this topic to the extent that it seeks to elicit testimony regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

54. All DOCUMENTS and COMMUNICATIONS REFERRING TO the LOAN.

**RESPONSE:**

Responding Party objects to this topic as overly broad, harassing, and not stated with "reasonable particularity" as required by Fed. R. Civ. Proc. Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

doctrine. Responding Party further objects to this topic as calling for information that constitutes confidential trade secrets.

## DOCUMENTS TO BE PRODUCED AT THE DEPOSITION

1. All DOCUMENTS and COMMUNICATIONS exchanged between YOU and Trustee Corps REFERRING TO the LOAN.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstated in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

2. All DOCUMENTS and COMMUNICATIONS REFERRING TO THE ASSIGNMENT.

**RESPONSE:**

Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower). Responding Party incorporates its general

objections as if reinstate in full herein. Responding Party objects to this topic as addressing matters protected by attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

3. All DOCUMENTS and COMMUNICATIONS REFERRING TO THE FIRST FORECLOSURE.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

4. All DOCUMENTS and COMMUNICATIONS REFERRING TO THE SECOND FORECLOSURE.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

5. All DOCUMENTS and COMMUNICATIONS exchanged between you and any other defendant regarding the LOAN.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

6. All DOCUMENTS and COMMUNICATIONS exchanged between you and any person REFERRING TO the LOAN.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

7. All DOCUMENTS and COMMUNICATIONS exchanged between you and any person REFERRING TO the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants'

OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

8. All DOCUMENTS and COMMUNICATIONS exchanged between you and any person REFERRING TO the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

9. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. REFERRING TO the LOAN.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

10. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. REFERRING TO the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstate in full herein.

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

1   Responding Party objects to this request as addressing matters protected by attorney-client
2   privilege and/or work product doctrine. Subject to and without waiving its objections, MERS
3   responds as follows: MERS refers to the documents already provided Plaintiff in Defendants'
4   Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found
5   on the Court's docket and the publicly available recorded documents. MERS also refers to
6   TAMBURRI_DEF000001-TAMBURRI-DEF0001500.
7   11. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate
8   Securities, Inc. REFERRING TO the SECOND FORECLOSURE.
9   **RESPONSE:**
10  Responding Party incorporates its general objections as if reinstate in full herein.
11  Responding Party objects to this request as addressing matters protected by attorney-client
12  privilege and/or work product doctrine. Subject to and without waiving its objections, MERS
13  responds as follows: MERS refers to the documents already provided Plaintiff in Defendants'
14  Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found
15  on the Court's docket and the publicly available recorded documents. MERS also refers to
16  TAMBURRI_DEF000001-TAMBURRI-DEF0001500.
17  12. All DOCUMENTS and COMMUNICATIONS that YOU have received from WELLS
18  FARGO REFERRING TO a possible modification of the LOAN.
19  **RESPONSE:**
20  Responding Party incorporates its general objections as if reinstate in full herein.
21  Responding Party objects to this request as addressing matters protected by attorney-client
22  privilege and/or work product doctrine. Subject to and without waiving its objections, MERS
23  responds as follows: MERS refers to the documents already provided Plaintiff in Defendants'
24  Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found
25  on the Court's docket and the publicly available recorded documents. MERS also refers to
26  TAMBURRI_DEF000001-TAMBURRI-DEF0001500.
27  13. All DOCUMENTS and COMMUNICATIONS that YOU have received from any other

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

defendant REFERRING TO a possible modification of the LOAN.

**RESPONSE**:

Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

14. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR policies and procedures for initiating non-judicial foreclosure for California mortgage loans that go into default that are part of the STARM TRUST.

**RESPONSE**:

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

15. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR policies, procedures and practices responding to inquiries from California borrowers asking for information regarding the identity of the entity that owned your LOAN.

**RESPONSE**:

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

16. All DOCUMENTS and COMMUNICATIONS REFERRING TO the compensation that you receive when loans in the STARM TRUST go into default.

**RESPONSE**:

Responding Party objects to this request as not reasonably calculated to lead to the

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

discovery of admissible evidence and it is further irrelevant. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

17. All DOCUMENTS and COMMUNICATIONS REFERRING TO your authority, if any, to modify the LOAN.

**RESPONSE:**

Responding Party objects to this request as not reasonably calculated to lead to the discovery of admissible evidence and it is further irrelevant. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

18. All DOCUMENTS and COMMUNICATIONS REFERRING TO your decision, if one was made, to not modify the LOAN.

**RESPONSE:**

Responding Party objects to this request as not reasonably calculated to lead to the discovery of admissible evidence and it is further irrelevant. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

19. All DOCUMENTS and COMMUNICATIONS REFERRING TO the compensation that you receive for being the Master Servicer in the STARM TRUST for the LOAN.

**RESPONSE:**

Responding Party objects to this request as not reasonably calculated to lead to the discovery of admissible evidence and it is further irrelevant. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    doctrine. Responding Party further objects to this request as calling for information that

2    constitutes confidential trade secrets.

3    20. All DOCUMENTS and COMMUNICATIONS REFERRING TO your current ownership

4    interest in the LOAN.

5    **RESPONSE:**

6    Responding Party objects to this request to the extent that it seeks information

7    regarding securitization of the Note on the ground that securitization of the Note is irrelevant.

8    "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not

9    an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW

10    (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's*

11    *Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012)

12    (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by

13    which his mortgage was (or was not) securitized because he is not a party to the PSA");

14    *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D.

15    Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011)

16    (the "true victim" of a supposedly improper assignment of a note or deed of trust would be

17    the original lender, not the plaintiff borrower).

18    21. All DOCUMENTS and COMMUNICATIONS REFERRING TO any and all assignments of

19    the LOAN.

20    **RESPONSE:**

21    Responding Party objects to this request to the extent that it seeks information

22    regarding securitization of the Note on the ground that securitization of the Note is irrelevant.

23    "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not

24    an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW

25    (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's*

26    *Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012)

27    (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by

28

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

which his mortgage was (or was not) securitized because he is not a party to the PSA");
*Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D.
Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011)
(the "true victim" of a supposedly improper assignment of a note or deed of trust would be
the original lender, not the plaintiff borrower). Subject to and without waiving its objections,
MERS responds as follows: MERS refers to the documents already provided Plaintiff in
Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the
documents found on the Court's docket and the publicly available recorded documents.
MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

22. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR
COMMUNICATIONS with any of the defendants regarding the CORRECTIVE
ASSIGNMENT.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-
client privilege and/or work product doctrine. Responding Party further objects to this
request as calling for information that constitutes confidential trade secrets. Responding Party
objects to this request to the extent that it seeks information regarding securitization of the
Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to
challenge the validity of the securitization of the loan as he is not an investor of the loan
trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063,
at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537
CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because
"plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not)
securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-
10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells
Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly
improper assignment of a note or deed of trust would be the original lender, not the plaintiff

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

borrower).

23. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR decision, if one was made by you, to record the CORRECTIVE ASSIGNMENT.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

24. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR decision, if one was made by you, to record the SECOND NOTICE OF RESCISSION.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

25. All DOCUMENTS and COMMUNICATIONS that are relevant to this ACTION.

**RESPONSE:**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

Responding Party objects to this request as overly broad, harassing, and not stated with "reasonable particularity" as required by Fed. R. Civ. Proc. Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine.

26. All DOCUMENTS and COMMUNICATIONS that you plan on introducing into evidence at trial in this ACTION.

**RESPONSE:**

Responding Party objects to this request as premature because discovery is ongoing. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

27. All DOCUMENTS and COMMUNICATIONS that you plan on relying on at trial in this ACTION.

**RESPONSE:**

Responding Party objects to this request as premature because discovery is ongoing. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Subject to and without waiving its objections, MERS responds as follows: MERS refers to the documents already provided Plaintiff in Defendants' Initial Disclosures and Supplemental Disclosures. MERS also refers to the documents found on the Court's docket and the publicly available recorded documents. MERS also refers to TAMBURRI_DEF000001-TAMBURRI-DEF0001500.

28. All DOCUMENTS and COMMUNICATIONS exchanged between you and any of the

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

defendants regarding the SECOND NOTICE OF RESCISSION.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

29. All DOCUMENTS and COMMUNICATIONS exchanged between you and any of the defendants regarding the FIRST NOTICE OF RESCISSION.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

30. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. regarding the LOAN.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

31. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. regarding the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

32. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. regarding the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets

33. All DOCUMENTS and COMMUNICATIONS exchanged between you and Trustee Corps regarding the FIRST FORECLOSURE.

**RESPONSE**:

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

34. All DOCUMENTS and COMMUNICATIONS exchanged between you and Trustee Corps regarding the SECOND FORECLOSURE.

**RESPONSE**:

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

35. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR policies, practices and procedures, if any, for ensuring that YOUR employees review competent evidence before signing assignment of notes and deeds of trust for mortgage loans in California.

**RESPONSE**:

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

"plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

36. All DOCUMENTS and COMMUNICATIONS REFERRING TO UBS Real Estate Securities, Inc.'s role, if any, in the STARM Trust.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

37. All DOCUMENTS and COMMUNICATIONS REFERRING TO UBS Real Estate Securities, Inc.'s role, if any, in the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

38. All DOCUMENTS and COMMUNICATIONS REFERRING TO UBS Real Estate Securities, Inc.'s role, if any, in the SECOND FORECLOSURE.

**RESPONSE**:

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

"plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

39. All DOCUMENTS and COMMUNICATIONS REFERRING TO your role, if any, in the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

40. All DOCUMENTS and COMMUNICATIONS REFERRING TO your role, if any, in the SECOND FORECLOSURE.

**RESPONSE:**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Responding Party objects to this request as addressing matters protected by attorney-

2    client privilege and/or work product doctrine. Responding Party further objects to this

3    request as calling for information that constitutes confidential trade secrets. Responding Party

4    objects to this request to the extent that it seeks information regarding securitization of the

5    Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to

6    challenge the validity of the securitization of the loan as he is not an investor of the loan

7    trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063,

8    at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537

9    CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because

10   "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not)

11   securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-

12   10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells

13   Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly

14   improper assignment of a note or deed of trust would be the original lender, not the plaintiff

15   borrower).

16   41. All DOCUMENTS and COMMUNICATIONS REFERRING TO WELLS FARGO's role, if

17   any, in the FIRST FORECLOSURE.

18   **RESPONSE:**

19   Responding Party objects to this request as addressing matters protected by attorney-

20   client privilege and/or work product doctrine. Responding Party further objects to this

21   request as calling for information that constitutes confidential trade secrets. Responding Party

22   objects to this request to the extent that it seeks information regarding securitization of the

23   Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to

24   challenge the validity of the securitization of the loan as he is not an investor of the loan

25   trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063,

26   at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537

27   CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because

28

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

"plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

42. All DOCUMENTS and COMMUNICATIONS REFERRING TO WELLS FARGO's role, if any, in the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

43. All DOCUMENTS and COMMUNICATIONS REFERRING TO U.S. BANK's role, if any, in the FIRST FORECLOSURE.

**RESPONSE:**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Responding Party objects to the reference of "U.S. BANK" in this request on the ground that U.S. Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust is the properly named defendant. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

44. All DOCUMENTS and COMMUNICATIONS REFERRING TO U.S. BANK's role, if any, in the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to the reference of "U.S. BANK" in this request on the ground that U.S. Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust is the properly named defendant. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

"Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

Dated: January 25, 2013

Respectfully submitted,

AKERMAN SENTERFITT LLP

By: _____

Bryan M. Leifer
Attorneys for Defendant
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, California 90017.

On January 25, 2013, I served the following document(s) described as:

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Nelson W. Goodell, Esq.  
THE GOODELL LAW FIRM  
5 Third Street, Suite 1100  
San Francisco, California 94103  
Telephone: (415) 495-3950  
Facsimile: (415) 495-6900

*Attorney for Plaintiff,*  
*DEBORAH TAMBURRI*

David S. Reidy, Esq.  
John D. Pingel, Esq.  
REED SMITH LLP  
101 Second Street, Suite 1800  
San Francisco, California 94105  
Telephone: (415) 543-8700  
Facsimile: (415) 391-8269

*Attorney for Defendant,*  
*RECONTRUST COMPANY, N.A.*

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 627-6342. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY ELECTRONIC SERVICE:** Complying with Code of Civil Procedure § 1010.6, I caused such document(s) to be electronically served on the party identified and no error was received when transmitted.

AKERMAN SENTERFITT LLP  
725 S. FIGUEROA STREET, SUITE 3800  
LOS ANGELES, CALIFORNIA 90017  
TEL.: (213) 688-9500 – FAX: (213) 627-6342

OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 25, 2013, at Los Angeles, California.

Evelyn S. Duarte
Type Name

Signature

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.