**AKERMAN SENTERFITT LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
BRYAN M. LEIFER (SBN 265837)
Email: bryan.leifer@akerman.com
KATALINA BAUMANN (SBN 278606)
Email: katalina.baumann@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants
SUNTRUST MORTGAGE, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, for
STARM 2007-2; and WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TAMBURRI, | Case No. 3:11-CV-02899-EMC |
| Plaintiff, | Hon. Judge Edward M. Chen |
| v. | |
| SUNTRUST MORTGAGE, INC.; WELLS FARGO BANK, N.A.; U.S. BANK NATIONAL ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and RECONTRUST COMPANY, N.A., and DOES 1-20 | **OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE** |
| Defendants. | Complaint filed: April 13, 2011<br>FAC filed: June 10, 2011<br>SAC filed: May 30, 2012<br>TAC filed: January 8, 2013<br>Trial date: August 26, 2013 |

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**AKERMAN SENTERFITT LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## PRELIMINARY STATEMENT

Responding Party's pretrial discovery, investigations, and analysis are ongoing, and Responding Party expects to learn of additional facts, persons, information, and documents. Responding Party anticipates that further discovery, independent investigation, legal research, and analysis will uncover additional facts, add meaning to known facts, and establish entirely new factual conclusions, all of which may lead to substantial additions, changes, and variations to the responses set forth herein. Responding Party reserves the right to introduce later discovered or additional evidence at trial, whether or not this reservation is separately stated for each request.

In setting forth its responses, Responding Party does not waive the attorney work-product privilege, attorney-client privilege, or any other privilege or immunity from disclosure, which may attach to information called for in, or response to, any request. Responding Party does not concede the relevance or materiality of the requests, or the subject matter to which the requests refer.

These responses are submitted by Responding Party subject to, and without, in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving objections and privileges:

## GENERAL OBJECTIONS

Responding Party objects to the notice of taking deposition and the request for production of documents of Cora Semmes-Bryce (**Semmes-Bryce**) contained within as ineffective. If at the time of the deposition, the person sought to be deposed is a "subordinate employee" of the corporation, a subpoena is necessary to compel his or her attendance. *Colonial Capital Co. v. General Motors Corp.*, 29 F.R.D. 514, 515 (1961). Accordingly, Plaintiff must serve a subpoena under Rule 45 to compel Semmes-Bryce's deposition and the deposition notice is improper.

Responding Party objects to Plaintiff's definition of "YOU" and "YOUR" within the notice of deposition wherein these "refer to Cora Semmes-Bryce in the above-entitled action, and any third party representative, or agent, including Cora Semmes-Bryce's and SunTrust Mortgage Inc.'s counsel, acting upon his/her/its behalf and/or any third party whose he/she/it is acting upon" on the grounds that it invades attorney-client and/or work product privilege.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Responding Party objects to Plaintiff's references to and definition of "U.S. BANCORP"

2    within the notice of deposition wherein it "means and refers to defendant U.S. Bancorp" on the

3    ground that no such defendant is party to this action. Responding Party further objects to the

4    reference of "U.S. BANCORP" or "U.S. BANK" in the notice of deposition on the ground that U.S.

5    Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust is the properly

6    named defendant.

7    Responding Party further objects to the document requests to the extent they are continuing,

8    or to the extent they require Responding Party, without any additional notice from the Plaintiff, to

9    supplement Responding Party's responses at any time in the future. Responding Party has conducted

10   a diligent search and reasonable inquiry in order to locate and obtain information that is responsive

11   to these requests. Responding Party responds to these requests without prejudice to Responding

12   Party's rights to supplement these responses upon discovery of additional information.

13   In responding to the requests at this time, Responding Party does not concede the relevance

14   or materiality of any request or the subject matter to which it refers. Each and every response by

15   Responding Party is subject to, and does not waive: (1) all objections as to relevance, competency,

16   confidentiality, materiality, privilege, or admissibility of evidence or for any other purpose, of any of

17   the answers given, or the subject matter hereof, in any subsequent proceeding, including the trial of

18   this action or any other action; and (2) the right to object to any discovery proceedings involving or

19   relating to the subject matter of the requests, whether or not such objections are separately stated for

20   each request.

21   Responding Party objects to the requests to the extent they may be construed to call for

22   information or documents protected from discovery under the attorney-client, work product, or any

23   other applicable privilege, whether or not these objections are separately stated for each request. In

24   particular, and without limitation, Responding Party will not furnish any information constituting or

25   reflecting mental impressions, conclusions, opinions, legal theories, or other work product of their

26   counsel or their consultants.

27   Responding Party further objects to the requests on the grounds that they are burdensome,

28

oppressive, erroneous, vague, ambiguous and overly broad, or they request confidential proprietary information, whether or not these objections are separately stated for each and every such request. Without limiting the generality of the foregoing, Responding Party objects to the requests to the extent they request information about matters and contentions relating to individuals or entities who are not parties to this action. Responding Party also objects to each and every request, whether such objection is separately set forth, to the extent it requires Responding Party to prepare summaries or compilations of information already made available to Plaintiff.

Responding Party also objects to each and every request to the extent it seeks or relates to documents presumptively within the control of Plaintiff, and are therefore more readily accessible to Plaintiff than to Responding Party, as well as to the extent it seeks information already within the possession of the Plaintiff or equally available to the Plaintiff, whether or not this objection is separately stated for each request.

Responding Party further objects to the requests, whether or not such objection is separately set forth, to the extent they require Responding Party to disclose information that is the subject of expert opinion on the ground that such opinions at this time are exempted from discovery under the attorney-client privilege and work product doctrine.

Responding Party incorporates its General Objections with regard to each topic as though fully set forth therein.

## SPECIFIC OBJECTIONS

## DOCUMENTS TO BE PRODUCED AT THE DEPOSITION

1. All DOCUMENTS and COMMUNICATIONS exchanged between YOU and Trustee Corps REFERRING TO the LOAN.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstated in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine.

2. All DOCUMENTS and COMMUNICATIONS REFERRING TO THE ASSIGNMENT.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE**

**RESPONSE:**

Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower). Responding Party incorporates its general objections as if reinstate in full herein.

3. All DOCUMENTS and COMMUNICATIONS REFERRING TO THE FIRST FORECLOSURE.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine.

4. All DOCUMENTS and COMMUNICATIONS REFERRING TO THE SECOND FORECLOSURE.

**RESPONSE:**

Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine.

5. All DOCUMENTS and COMMUNICATIONS exchanged between you and any other

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE**

1  defendant regarding the LOAN.

2  **RESPONSE:**

3      Responding Party incorporates its general objections as if reinstate in full herein.

4  Responding Party objects to this request as addressing matters protected by attorney-client

5  privilege and/or work product doctrine.

6    6. All DOCUMENTS and COMMUNICATIONS exchanged between you and any person

7      REFERRING TO the LOAN.

8  **RESPONSE:**

9      Responding Party incorporates its general objections as if reinstate in full herein.

10  Responding Party objects to this request as addressing matters protected by attorney-client

11  privilege and/or work product doctrine.

12    7. All DOCUMENTS and COMMUNICATIONS exchanged between you and any person

13      REFERRING TO the FIRST FORECLOSURE.

14  **RESPONSE:**

15      Responding Party incorporates its general objections as if reinstate in full herein.

16  Responding Party objects to this request as addressing matters protected by attorney-client

17  privilege and/or work product doctrine.

18    8. All DOCUMENTS and COMMUNICATIONS exchanged between you and any person

19      REFERRING TO the SECOND FORECLOSURE.

20  **RESPONSE:**

21      Responding Party incorporates its general objections as if reinstate in full herein.

22  Responding Party objects to this request as addressing matters protected by attorney-client

23  privilege and/or work product doctrine.

24    9. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate

25      Securities, Inc. REFERRING TO the LOAN.

26  **RESPONSE:**

27      Responding Party incorporates its general objections as if reinstate in full herein.

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   Responding Party objects to this request as addressing matters protected by attorney-client

2   privilege and/or work product doctrine.

3   10. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate

4   Securities, Inc. REFERRING TO the FIRST FORECLOSURE.

5   **RESPONSE:**

6   Responding Party incorporates its general objections as if reinstate in full herein.

7   Responding Party objects to this request as addressing matters protected by attorney-client

8   privilege and/or work product doctrine.

9   11. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate

10   Securities, Inc. REFERRING TO the SECOND FORECLOSURE.

11   **RESPONSE:**

12   Responding Party incorporates its general objections as if reinstate in full herein.

13   Responding Party objects to this request as addressing matters protected by attorney-client

14   privilege and/or work product doctrine.

15   12. All DOCUMENTS and COMMUNICATIONS that YOU have received from WELLS

16   FARGO REFERRING TO a possible modification of the LOAN.

17   **RESPONSE:**

18   Responding Party incorporates its general objections as if reinstate in full herein.

19   Responding Party objects to this request as addressing matters protected by attorney-client

20   privilege and/or work product doctrine.

21   13. All DOCUMENTS and COMMUNICATIONS that YOU have received from any other

22   defendant REFERRING TO a possible modification of the LOAN.

23   **RESPONSE:**

24   Responding Party incorporates its general objections as if reinstate in full herein.

25   Responding Party objects to this request as addressing matters protected by attorney-client

26   privilege and/or work product doctrine.

27   14. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR policies and

28

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF CORA SEMMES-BRYCE**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    procedures for initiating non-judicial foreclosure for California mortgage loans that go into

2    default that are part of the STARM TRUST.

3    **RESPONSE:**

4    Responding Party objects to this request as addressing matters protected by attorney-

5    client privilege and/or work product doctrine. Responding Party further objects to this

6    request as calling for information that constitutes confidential trade secrets. No such

7    documents exist.

8    15. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR policies,

9    procedures and practices responding to inquiries from California borrowers asking for

10    information regarding the identity of the entity that owned your LOAN.

11    **RESPONSE:**

12    Responding Party objects to this request as addressing matters protected by attorney-

13    client privilege and/or work product doctrine. Responding Party further objects to this

14    request as calling for information that constitutes confidential trade secrets.

15    16. All DOCUMENTS and COMMUNICATIONS REFERRING TO the compensation that you

16    receive when loans in the STARM TRUST go into default.

17    **RESPONSE:**

18    Responding Party objects to this request as not reasonably calculated to lead to the

19    discovery of admissible evidence and it is further irrelevant. Responding Party objects to this

20    request as addressing matters protected by attorney-client privilege and/or work product

21    doctrine. Responding Party further objects to this request as calling for information that

22    constitutes confidential trade secrets. No such documents exist.

23    17. All DOCUMENTS and COMMUNICATIONS REFERRING TO your authority, if any, to

24    modify the LOAN.

25    **RESPONSE:**

26    Responding Party objects to this request as not reasonably calculated to lead to the

27    discovery of admissible evidence and it is further irrelevant. Responding Party objects to this

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

18. All DOCUMENTS and COMMUNICATIONS REFERRING TO your decision, if one was made, to not modify the LOAN.

**RESPONSE:**

Responding Party objects to this request as not reasonably calculated to lead to the discovery of admissible evidence and it is further irrelevant. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

19. All DOCUMENTS and COMMUNICATIONS REFERRING TO the compensation that you receive for being the Master Servicer in the STARM TRUST for the LOAN.

**RESPONSE:**

Responding Party objects to this request as not reasonably calculated to lead to the discovery of admissible evidence and it is further irrelevant. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. No such documents exist.

20. All DOCUMENTS and COMMUNICATIONS REFERRING TO your current ownership interest in the LOAN.

**RESPONSE:**

Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's*

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE**

*Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower). No such documents exist.

21. All DOCUMENTS and COMMUNICATIONS REFERRING TO any and all assignments of the LOAN.

**RESPONSE:**

Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

22. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR COMMUNICATIONS with any of the defendants regarding the CORRECTIVE ASSIGNMENT.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

23. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR decision, if one was made by you, to record the CORRECTIVE ASSIGNMENT.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not)

OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE

securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

24. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR decision, if one was made by you, to record the SECOND NOTICE OF RESCISSION.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

25. All DOCUMENTS and COMMUNICATIONS that are relevant to this ACTION.

**RESPONSE:**

Responding Party objects to this request as overly broad, harassing, and not stated with "reasonable particularity" as required by Fed. R. Civ. Proc. Responding Party incorporates its general objections as if reinstate in full herein. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine.

26. All DOCUMENTS and COMMUNICATIONS that you plan on introducing into evidence at trial in this ACTION.

**RESPONSE:**

Responding Party objects to this request as premature because discovery is ongoing. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine.

27. All DOCUMENTS and COMMUNICATIONS that you plan on relying on at trial in this ACTION.

**RESPONSE:**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1         Responding Party objects to this request as premature because discovery is ongoing.

2 Responding Party objects to this request as addressing matters protected by attorney-client

3 privilege and/or work product doctrine.

4 28. All DOCUMENTS and COMMUNICATIONS exchanged between you and any of the

5     defendants regarding the SECOND NOTICE OF RESCISSION.

6     **RESPONSE:**

7         Responding Party objects to this request as addressing matters protected by attorney-

8 client privilege and/or work product doctrine. Responding Party further objects to this

9 request as calling for information that constitutes confidential trade secrets.

10 29. All DOCUMENTS and COMMUNICATIONS exchanged between you and any of the

11     defendants regarding the FIRST NOTICE OF RESCISSION.

12     **RESPONSE:**

13         Responding Party objects to this request as addressing matters protected by attorney-

14 client privilege and/or work product doctrine. Responding Party further objects to this

15 request as calling for information that constitutes confidential trade secrets.

16 30. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate

17     Securities, Inc. regarding the LOAN.

18     **RESPONSE:**

19         Responding Party objects to this request as addressing matters protected by attorney-

20 client privilege and/or work product doctrine. Responding Party further objects to this

21 request as calling for information that constitutes confidential trade secrets.

22 31. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate

23     Securities, Inc. regarding the SECOND FORECLOSURE.

24     **RESPONSE:**

25         Responding Party objects to this request as addressing matters protected by attorney-

26 client privilege and/or work product doctrine. Responding Party further objects to this

27 request as calling for information that constitutes confidential trade secrets.

28

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF CORA SEMMES-BRYCE**

32. All DOCUMENTS and COMMUNICATIONS exchanged between you and UBS Real Estate Securities, Inc. regarding the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets

33. All DOCUMENTS and COMMUNICATIONS exchanged between you and Trustee Corps regarding the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

34. All DOCUMENTS and COMMUNICATIONS exchanged between you and Trustee Corps regarding the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

35. All DOCUMENTS and COMMUNICATIONS REFERRING TO YOUR policies, practices and procedures, if any, for ensuring that YOUR employees review competent evidence before signing assignment of notes and deeds of trust for mortgage loans in California.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to

{25710376;1}     14     CASE NO. 3:11-CV-02899-EMC
OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE

challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at \*6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at \*3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

36. All DOCUMENTS and COMMUNICATIONS REFERRING TO UBS Real Estate Securities, Inc.'s role, if any, in the STARM Trust.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at \*6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at \*3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    borrower).

2    37. All DOCUMENTS and COMMUNICATIONS REFERRING TO UBS Real Estate

3    Securities, Inc.'s role, if any, in the FIRST FORECLOSURE.

4    **RESPONSE**:

5            Responding Party objects to this request as addressing matters protected by attorney-

6    client privilege and/or work product doctrine. Responding Party further objects to this

7    request as calling for information that constitutes confidential trade secrets. Responding Party

8    objects to this request to the extent that it seeks information regarding securitization of the

9    Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to

10   challenge the validity of the securitization of the loan as he is not an investor of the loan

11   trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063,

12   at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537

13   CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because

14   "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not)

15   securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-

16   10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells

17   Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly

18   improper assignment of a note or deed of trust would be the original lender, not the plaintiff

19   borrower).

20   38. All DOCUMENTS and COMMUNICATIONS REFERRING TO UBS Real Estate

21   Securities, Inc.'s role, if any, in the SECOND FORECLOSURE.

22   **RESPONSE**:

23           Responding Party objects to this request as addressing matters protected by attorney-

24   client privilege and/or work product doctrine. Responding Party further objects to this

25   request as calling for information that constitutes confidential trade secrets. Responding Party

26   objects to this request to the extent that it seeks information regarding securitization of the

27   Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to

28

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF CORA SEMMES-BRYCE**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

39. All DOCUMENTS and COMMUNICATIONS REFERRING TO MERS' role, if any, in the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE**

1    borrower).

2    40. All DOCUMENTS and COMMUNICATIONS REFERRING TO MERS' role, if any, in the

3    SECOND FORECLOSURE.

4    **RESPONSE:**

5    Responding Party objects to this request as addressing matters protected by attorney-

6    client privilege and/or work product doctrine. Responding Party further objects to this

7    request as calling for information that constitutes confidential trade secrets. Responding Party

8    objects to this request to the extent that it seeks information regarding securitization of the

9    Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to

10   challenge the validity of the securitization of the loan as he is not an investor of the loan

11   trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063,

12   at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537

13   CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because

14   "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not)

15   securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-

16   10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells

17   Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly

18   improper assignment of a note or deed of trust would be the original lender, not the plaintiff

19   borrower).

20   41. All DOCUMENTS and COMMUNICATIONS REFERRING TO WELLS FARGO's role, if

21   any, in the FIRST FORECLOSURE.

22   **RESPONSE:**

23   Responding Party objects to this request as addressing matters protected by attorney-

24   client privilege and/or work product doctrine. Responding Party further objects to this

25   request as calling for information that constitutes confidential trade secrets. Responding Party

26   objects to this request to the extent that it seeks information regarding securitization of the

27   Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

28

challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

42. All DOCUMENTS and COMMUNICATIONS REFERRING TO WELLS FARGO's role, if any, in the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff

borrower).

43. All DOCUMENTS and COMMUNICATIONS REFERRING TO U.S. BANK's role, if any, in the FIRST FORECLOSURE.

**RESPONSE:**

Responding Party objects to the reference of "U.S. BANK" in this request on the ground that U.S. Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust is the properly named defendant. Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

44. All DOCUMENTS and COMMUNICATIONS REFERRING TO U.S. BANK's role, if any, in the SECOND FORECLOSURE.

**RESPONSE:**

Responding Party objects to the reference of "U.S. BANK" in this request on the ground that U.S. Bank National Association in its capacity as Trustee for the STARM 2007-2 Trust is the properly named defendant. Responding Party objects to this request as addressing

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets. Responding Party objects to this request to the extent that it seeks information regarding securitization of the Note on the ground that securitization of the Note is irrelevant. "Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." *Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011). *See also Armeni v. America's Wholesale Lender*, CV 11-8537 CAS (ARGx), 2012 WL 603242 (C.D. Cal. 2012) (dismissing various claims because "plaintiff lack[ed] standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Junger v. Bank of America, N.A.*, CV 11-10419 CAS (VBKx), 2012 WL 603262 at *3 (C.D. Cal. Feb. 24, 2012); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (the "true victim" of a supposedly improper assignment of a note or deed of trust would be the original lender, not the plaintiff borrower).

45. All DOCUMENTS and COMMUNICATIONS REFERRING TO any information that you reviewed before sending the letter dated February 23, 2010 to the plaintiff, which is attached as Exhibit B to this notice.

//
//
//
//
//
//
//
//
//
//

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE**

**RESPONSE:**

      Responding Party objects to this request as addressing matters protected by attorney-client privilege and/or work product doctrine. Responding Party further objects to this request as calling for information that constitutes confidential trade secrets.

Dated: January 25, 2013

Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By: _____
    Bryan M. Leifer
Attorneys for Defendants
SUNTRUST MORTGAGE, INC.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; U.S.
BANK NATIONAL ASSOCIATION, AS
TRUSTEE, for STARM 2007-2; and WELLS
FARGO BANK, N.A.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, California 90017.

On January 25, 2013, I served the following document(s) described as:

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Nelson W. Goodell, Esq.　　　　　*Attorney for Plaintiff,*
THE GOODELL LAW FIRM　　　　*DEBORAH TAMBURRI*
5 Third Street, Suite 1100
San Francisco, California 94103
Telephone: (415) 495-3950
Facsimile: (415) 495-6900

David S. Reidy, Esq.　　　　　　*Attorney for Defendant,*
John D. Pingel, Esq.　　　　　　*RECONTRUST COMPANY, N.A.*
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 627-6342. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY ELECTRONIC SERVICE:** Complying with Code of Civil Procedure § 1010.6, I caused such document(s) to be electronically served on the party identified and no error was received when transmitted.

**OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF DOCUMENTS OF CORA SEMMES-BRYCE**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

☐    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☑    **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐    (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 25, 2013, at Los Angeles, California.

Evelyn S. Duarte
Type Name                           Signature

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION WITH PRODUCTION OF
DOCUMENTS OF CORA SEMMES-BRYCE