**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TAMBURRI, | No. C-11-02899 DMR |
| Plaintiff(s), | **ORDER RE: JOINT DISCOVERY LETTER DATED MAY 3, 2013 [DOCKET NO. 238] AND JOINT DISCOVERY LETTER DATED MAY 23, 2013 [DOCKET NO. 240]** |
| v. | |
| SUNTRUST MORTGAGE INC, | |
| Defendant(s). | |
| _____/ | |

Before the court is the Joint Discovery Letter of Plaintiff Deborah Tamburri ("Plaintiff") and Defendant ReconTrust Company N.A. ("ReconTrust") dated May 3, 2013 ("May 3 Letter"). [Docket No. 238.] In the May 3 Letter, Plaintiff moves to compel the resumption of the deposition of third party witness Ahmad Afzal ("Mr. Afzal"). Also before the court is the parties' Joint Discovery Letter dated May 23, 2013 ("May 23 Letter") [Docket No. 240], in which Defendants move either to strike the rebuttal report of Dr. Mary Ann Yaeil Kim (the "Kim Report") [Docket 239, Ex. A] or for the court to order Plaintiff to appear for an independent mental examination ("IME"). The parties have also filed administrative motions to seal the Kim Report and the expert report of Dr. Steven M. Raffle (the "Raffle Report"). [Docket Nos. 239, 245.]

On May 30, 2013, the court held hearings on both the May 3 Letter and the May 23 Letter. This order summarizes the rulings made during the hearings. Regarding the May 3 Letter, Mr. Afzal's counsel agreed to submit the matter to this court for decision, rather than require Plaintiff to

file a new motion before the Central District of California. Mr. Afzal shall appear for further deposition not to exceed one hour. The deposition shall be convened near Mr. Afzal's home at a mutually agreed upon location. Mr. Afzal shall bring the notary journal containing the notarization of Assignment of Deed of Trust at issue in this case, but is not required to produce any other notary journals at the deposition. Plaintiff may question Mr. Afzal about the journal, and may also ask questions about other notary journals submitted by Mr. Afzal to the California Secretary of State, copies of which were obtained by Plaintiff. Plaintiff may not question Mr. Afzal about topics that were covered in his prior deposition session.

With regard to the May 23 Letter, as Plaintiff intends to offer the expert report and testimony of Dr. Kim, the court finds that there is good cause for Plaintiff to submit to a Rule 35 independent medical examination ("IME"), to be conducted by Dr. Raffle under the conditions set forth in the Rule 35 notice [Docket No. 161 at 1-2]. The IME shall not exceed six hours. Dr. Raffle promptly shall submit a supplement to his existing expert report and Plaintiff shall have an additional hour to depose Dr. Raffle solely on the supplemental report by dates agreed upon by the parties so long as those deadlines do not conflict with the schedule for filing dispositive motions. The motions to seal the Kim Report and the Raffle Report are granted solely for purposes of the court's consideration of the disputes in the May 3 and May 23 Letters.

IT IS SO ORDERED.

Dated: May 31, 2013

DONNA M. RYU
United States Magistrate Judge