UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TAMBURRI, | No. C-11-02899 DMR |
| Plaintiff(s), | **ORDER RE DISCOVERY LETTER BRIEF DATED MAY 31, 2013 [DOCKET NO. 254]** |
| v. | |
| SUNTRUST MORTGAGE INC, | |
| Defendant(s). | |

Before the court is the discovery letter brief ("Letter") [Docket No. 254] of Plaintiff Deborah Tamburri ("Plaintiff") and Defendant SunTrust Mortgage, Inc. ("SunTrust"). Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for determination without oral argument.

The parties' discovery dispute concerns Plaintiff's Rule 30(b)(6) deposition of SunTrust. On January 8, 2013, Plaintiff noticed the Rule 30(b)(6) deposition. At a hearing on April 11, 2013, and in a subsequent order dated April 15, 2013 [Docket No. 220], this court held that Plaintiff was permitted to question SunTrust on all topics she had listed in the Rule 30(b)(6) deposition notice. SunTrust produced two witnesses to cover the topics: Nicole Harwood, who testified regarding five topics, and Beverly Dumas, who testified regarding the remaining topics. Plaintiff deposed both Harwood and Dumas on April 23, 2013.

Plaintiff and SunTrust agree that Ms. Dumas was not adequately prepared to provide Rule 30(b)(6) testimony about certain of the topics for which she was designated, namely topics 2, 31, 34,

and 44-46. *See* Letter at 5 ("SunTrust carefully reviewed the rough transcript and . . . concluded that there were, in fact, a few, discrete subjects on which, despite her diligent preparation, Ms. Dumas was unable to provide clear testimony."); Response to June 5, 2013 Order [Docket No. 261] at 2.

After SunTrust received Ms. Dumas's deposition transcript, SunTrust volunteered to withdraw its designation of Ms. Dumas as the Rule 30(b)(6) witness on certain topics and produce another witness to provide testimony on those topics, and also to fly that witness from Virginia to San Francisco. Plaintiff rejected SunTrust's offer because "[p]ermitting SunTrust to 'withdraw' the designation of its witness of the categories that Plaintiff seeks additional testimony would have the effect of substantially muddying the record, in that many of the questions asked about in Ms. Dumas['s] deposition implicated more than one category." Letter at 4. Instead, Plaintiff proposes that *both* Ms. Dumas's testimony *and* the testimony of any substitute witness should bind SunTrust on the topics about which the parties agree Ms. Dumas was not prepared to provide testimony.

Plaintiff's proposal is illogical and unsupported by case law. *See, e.g.*, *Guifu Li v. A Perfect Day Franchise, Inc.*, 10-CV-01189-LHK, 2011 WL 3895118 at *2 (N.D. Cal. Aug. 29, 2011) ("[I]f it becomes clear that a designee is not able to testify as to the noticed topics, the corporation has **"a duty to substitute another person"** to correct the deficiency.") (emphasis in original) (quoting *Marker v. Union Fidelity Life Insurance Co.,* 125 F.R.D. 121, 126 (M.D.N.C. 1989)); *United States v. Taylor*, 166 F.R.D. 356, 365 (M.D.N.C. 1996) ("[If] a designee is unable to respond to a specific area of inquiry, [the corporation] shall immediately designate and prepare a substitute to testify to that area of inquiry."). Furthermore, designating potentially contradictory testimony from two witnesses, one of whom both parties agree was unprepared to provide testimony, as the knowledge of a single corporation could confuse the fact-finder at summary judgment or trial.

To address Plaintiff's concerns about the clarity of the record, Plaintiff and SunTrust are ordered to meet and confer to indicate which lines in Ms. Dumas's deposition testimony regard topics about which Ms. Dumas was not prepared to provide testimony. These portions of Ms. Dumas' deposition testimony shall reflect only Ms. Dumas's personal knowledge, not the knowledge of SunTrust. SunTrust is ordered to produce a substitute witness who will be designated for topics 2, 31, 34, and 44-46. Ms. Dumas will remain SunTrust's designated witness on all

remaining topics for which she was originally designated SunTrust's 30(b)(6) witness. The substitute witness shall appear for his or her deposition in San Francisco. Plaintiff and SunTrust are ordered to meet and confer regarding a date for the deposition.

IT IS SO ORDERED.

Dated: June 17, 2013

DONNA M. RYU
United States Magistrate Judge