UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH TAMBURRI,<br><br>Plaintiff,<br><br>v.<br><br>SUNTRUST MORTGAGE, INC., et al.,<br><br>Defendants. | Case No.  11-cv-02899-JST<br><br>**ORDER GRANTING MOTION TO STRIKE THE REPORTS OF EVERETT P. HARRY AND STAN V. SMITH**<br><br>Re: Dkt. No. 243 |

Before the court is Defendants' Motion to Strike the Expert Reports of Everett P. Harry and Stan v. Smith, ECF No. 243. The court will grant the motion.

## I. BACKGROUND

This action was reassigned to the undersigned on February 11, 2013. ECF No. 174. The deadline for disclosure of expert reports was March 15, 2013. ECF No. 143. The expert discovery cutoff was April 26, 2013. Id.

Following a hearing on Plaintiff's motion for reconsideration of the court's scheduling order, this court granted Plaintiff a limited extension of the expert discovery cutoff "for the sole purpose of permitting the parties to disclose expert reports based, at least in part, on the Rule 30(b)(6) deposition testimony of the named Defendants." ECF No. 229 p. 3. The court noted that an extension of the expert discovery deadline was appropriate because of the prejudice that would otherwise result, given Judge Ryu's April 11, 2013 order granting Plaintiff's motion to compel the 30(b)(6) depositions of the five Defendants, ECF No. 214. The court set a deadline of May 15, 2013, for disclosure of expert reports. ECF No. 229 p. 4.

After Plaintiff served her expert reports, Defendants moved to strike two of them — the reports of Everett P. Harry and Stan V. Smith — because they are not "based, at least in part, on

the Rule 30(b)(6) deposition testimony of the named Defendants," as required by this court's April 19, 2013 Order extending the expert discovery deadline. The court held a hearing on the Motion on June 17, 2013. ECF No. 263.

## II. LEGAL STANDARDS

Parties wishing to rely on expert opinions must disclose those opinions and the facts or data considered in forming them "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Failure to comply with a court's discovery orders may lead to discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b). Moreover, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to, or instead of that sanction, the court may also impose any of the other appropriate sanctions provided for in Rule 37. Fed. R. Civ. P. 37(c)(1)(C).

The Advisory Committee Notes to the 1993 amendments to Rule 37 describe subsection (c)(1) as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material" that must be disclosed pursuant to Rule 26. Rule 37(c)(1) sanctions based on failure to disclose evidence in a timely manner may be appropriate "even when a litigant's entire cause of action or defense" will be precluded. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). In this way, Rule 37 "gives teeth" to Rule 26's disclosure and supplementation requirements, including the requirement that parties follow court scheduling orders in making their disclosures. Id.

Preclusion of late-filed evidence is not appropriate if the party's failure to provide information was "substantially justified" or "is harmless." Fed. R. Civ. P. 37(c)(1). However, "[d]isruption to the schedule of the court and other parties . . . is not harmless." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005).

/ / /

/ / /

/ / /

2

### III. ANALYSIS

This court extended the expert discovery deadline solely to permit Plaintiff to prepare expert reports that relied on the deposition testimony of the named Defendants — testimony that Plaintiff was not able to take until after Judge Ryu overruled Defendants' objections on April 11, 2013. See ECF No. 214. Defendants move to strike the expert reports of Everett P. Harry and Stan V. Smith because those reports do not rely on that deposition testimony. The court agrees.

At the hearing on Plaintiff's request to extend the discovery deadline, the court made clear that any expert reports disclosed after the original expert discovery deadline must relate to that Rule 30(b)(6) testimony. On the question of expert opinions on damages in particular, the court asked Plaintiff's counsel: "How are the 30(b)(6) depositions relevant to the damages suffered by your client?" Tr. 22:6–7 (April 18, 2013). Plaintiff's counsel responded:

> Well, Your Honor, I do think there is some limited relevance, I would say that; and that is, that as alleged in the Complaint, there were – there's an incentive of fees that were paid out. You know, the fees that were paid out were part of the default process and there was an incentive by the defendants to drag out the default process.

Tr. 22:8–13. At that hearing, Plaintiff's counsel also discussed the preparation of expert reports on liability issues, which it characterized as closely related to the Rule 30(b)(6) testimony Plaintiff had not yet taken.

In its Order granting the discovery extension, the court noted: "To the extent Defendants' delay in producing their witnesses prejudiced Plaintiff in the preparation of her case, she is entitled to some redress." ECF NO. 229 p. 3. Accordingly, the court granted a limited extension of the expert discovery schedule "for the sole purpose of permitting the parties to disclose expert reports based, at least in part, on the Rule 30(b)(6) deposition testimony of the named Defendants." Id. at 3–4.

After reviewing the parties' submissions and the reports at issue, the court finds that the expert reports of Everett P. Harry and Stan V. Smith are not based, in any part, on "the Rule 30(b)(6) deposition testimony of the named Defendants." Neither report analyzes or relies upon the Rule 30(b)(6) testimony of any named Defendant; in fact, the reports merely state that their authors reviewed the 30(b)(6) deposition transcripts, and, in addition, each report states: "SunTrust

3

30(b)(6) witnesses testified that borrowers in default are charged for attorney's fees, and other fees, associated with the foreclosure process . . . ." Mot., ECF No. 243, Ex. A p. 3; Ex. B p. 5. The reports do not mention the deposition testimony in any other way, nor do they rely on any facts learned in the depositions. Indeed, Defendants argue without serious contradiction that they long ago produced the damages information necessary to the preparation of these reports. Plaintiff's counsel confirmed this fact at the hearing on the motion.

Mr. Harry, an accountant, prepared a report that seeks to quantify Plaintiff's lost past and future earnings resulting from "her deep-seated, enduring emotional harm" caused by the Defendants' alleged conduct. Mot., Ex. A p. 3. Although the report alludes to "foreclosure-specific costs that Ms. Tamburri has incurred," id., Plaintiff has not shown that the Rule 30(b)(6) deposition testimony of the named Defendants was necessary to calculate that figure.

Dr. Smith prepared a report calculating "(1) the additional cost of mortgage expenses; and (2) the loss of credit expectancy." Mot., Ex. B p. 1. Dr. Smith's methodology was "generally based on interest rates and consumer prices." Id. Nothing in Dr. Smith's report relies upon testimony or facts related to the 30(b)(6) depositions.

Plaintiff also argues that the production of the Harry and Smith expert reports at this juncture is justified because of alleged discovery misconduct by the Defendants — in particular, withholding documents requested through Rule 30(b)(6) deposition notices that are relevant to Plaintiff's expert reports. Whether such misconduct occurred, and the nature of an appropriate remedy if it did occur, are questions for another day. For today's purposes, Plaintiff's argument merely confirms that the Smith and Harry expert reports were not based on the 30(b)(6) depositions ordered by Judge Ryu, which was a precondition of the reports' late production.

Plaintiff has also failed to show that her violation of the court's April 19, 2013 Order was substantially justified or harmless. Consequently, Rule 37(c)(1)'s self-executing sanction, though it may exclude relevant evidence or even prejudice Plaintiff's case, applies here. See, e.g., Quevedo v. Trans-Pac. Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir.1998) (refusing to consider expert's report because it was filed one-and-a-half months late); Jarritos, Inc. v. Reyes, 345 F. App'x 215, 217 (9th Cir. 2009) (affirming exclusion of late-filed expert reports).

4

## IV. CONCLUSION

The court hereby GRANTS Defendant's Motion to Strike the Expert Reports of Everett P. Harry and Stan V. Smith. Plaintiff may not rely upon either report, or expert, to supply evidence on a motion, at a hearing, or at trial.

**IT IS SO ORDERED**.

Dated: June 19, 2013

_____
JON S. TIGAR
United States District Judge